[No. 6,871.—Department One.]

## J. D. WILLIAMS v. E. B. LERCH.

SALE OF PERSONAL PROPERTY—DELIVERY—CHANGE OF POSSESSION—FRAUD AS TO CREDITORS.—If a vendor of goods in the care and keeping of a third person directs him to deliver them to the vendee, and the party holding the goods consents to retain the goods for him, and does so retain them, it is a sufficient delivery and change of possession to satisfy the requirements of § 3440, Civil Code.

APPEAL from a judgment for plaintiff, and from an order denying a new trial, in the Fifth District Court, County of Stanislaus. BOOKER, J.

The facts are stated in the opinion.

*Johnson & Hazen,* for Appellant.

There was no immediate delivery, and actual and continued change of possession, such as is required by § 3440 of the Civil Code.

The rule is the same, whether the property was in the possession of the vendor or of a bailee at the time of the sale. (*Weil* v. *Paul,* 22 Cal. 496.)

The delivery must be such as to give notice to the world (*Stevens* v. *Irwin,* 15 Cal. 503; *Lay* v. *Neville,* 25 id. 553; *Chaffin* v. *Doub,* 14 id. 384; *Walden* v. *Murdock,* 23 id. 553; *Hodgkins* v. *Hook,* id. 581; *Samuels* v. *Gorham,* 5 id. 226.)

*T. A. Coldwell,* and *William O. Minor,* for Respondent.

There was a sufficient delivery of the stock by Sotcher to respondent under § 3440 of the Civil Code.

When the goods at the time of the sale are in the possession of a third party, an actual receipt takes place when the vendor, the purchaser, and the third party agree together that the latter shall cease to hold the goods for the vendor, and shall hold them for the purchaser. (Benjamin on Sales, American Edition, § 174, p. 142.)

The delivery of the stock was as immediate and complete as the nature of the case would admit of. (*Samuels* v. *Gorham,* 5 Cal. 226; *Walden* v. *Murdock,* 23 id. 540; *Lay* v. *Neville,* 25 id. 546; *Ford* v. *Chambers,* 28 id. 13; *McKibben* v. *Martin,* 3 Am. R. 588; *Montgomery* v. *Hunt,* 5 Cal. 366.)

McKEE, J.:

This was an action to recover damages for the taking and detention of certain horses described in the complaint. The horses were taken by the defendant, in March, 1878, by and under an execution, which had been issued upon a judgment in favor of one Ulloa against one F. Sotcher, and came into the hands of the defendant, as a constable of Stanislaus County.

Sotcher, the execution debtor, was, on the 18th day of October, 1877; the owner of the horses, and on that day sold them

to the plaintiff in this action; but it is claimed that the sale was simulated, fraudulent, and void, and made for the purpose of hindering, delaying, and defrauding Sotcher's creditors.

The plaintiff had judgment. Defendant moved for a new trial on a statement of the case, upon the grounds as set forth in his assignment of errors: 1. That the evidence was insufficient to justify the findings and decision of the Court. 2. That the findings and decision are against law. 3. That the Court, on the trial of the case, committed errors of law, to which the defendant excepted.

The findings are unnecessarily volumnious. There are twenty-four findings of probative facts, and twelve specifications of particulars, in which, it is claimed, there is no evidence to justify any of the findings. We are satisfied, from an examination of the record, that the testimony was all one way. There is no conflict whatever of evidence, and the testimony sustains every one of the findings by the Court.

The contention between the parties is resolvable into two questions: 1. Was there a sale of the property to the plaintiff? 2. Was the sale accompanied by an actual delivery, and a continued change of possession of the property?

As a fact, there is no question of the sale. Sotcher, on the 18th of October, 1877, sold the horses to the plaintiff for $200, and made and delivered to him a bill of sale of the horses. Upon receiving the bill of sale, the plaintiff, in good faith, paid to Sotcher the $200, according to the bargain between them. But at the time of the sale, the horses were not in the actual possession of Sotcher; they were then upon a mountain range in Tuolumne County, belonging to one Drew, who was ranching the horses for Sotcher. Plaintiff knew they were there, for he had been to Drew's ranch to look at the horses, with a view of buying them; but as they could not be got up on the day he was there, he offered Sotcher $200 for them. Sotcher declined to accept the offer, but before leaving the ranch he made up his mind to accept it; and when he left, he told Drew to get up the horses for the plaintiff, and write to him to come and get them. At the time of the sale, Sotcher told the plaintiff that he had given that direction to Drew; and, in about two weeks after the sale, Drew wrote to the plaintiff to come for

the horses, as he had got them up for him, and they were ready
for him in pasture. In answer to this, plaintiff wrote to Drew:
"I cannot now go for the horses, but I want you to take care
of them and winter them for me." To this, Drew wrote and
sent to the plaintiff the following letter:

"FIRST GARROTE, November 22nd, 1877.

"I received yours of the 12th instant, asking me to ranch
the horses. I do not want to winter them, but as they are
here, I will keep them; but I cannot winter them at the same
price as I kept them for this summer, for the colts have got to
be taken off from the mares. I will do the best for them I can,
and let you know when I drive out.    Yours respectfully,

"C. O. DREW."

Result of the correspondence was, that plaintiff employed
Drew to take charge of the horses. Drew did so, and pastured
them for the plaintiff, and, after separating the colts from the
mares, Drew turned them with his own horses onto a ranch in
Tuolumne County; and subsequently, in the spring of 1878,
sent them, by consent of the plaintiff, to a ranch belonging to
him in Stanislaus County, where he was pasturing them for the
plaintiff when they were taken out of his possession by the
defendant under the execution against Sotcher.

We think the sale was complete. The horses were identifi-
able, and susceptible of delivery; and, being in possession of
Sotcher's agent at the time of sale, they were in law in the pos-
session of Sotcher. He had the control of them. (§ 3440,
Civ. Code.) He and the plaintiff agreed upon a price which
was the fair value of the horses. Sotcher made and delivered
to the plaintiff a bill of sale of the horses, and told him that his
agent would deliver them to him on the ranch. This was satis-
factory to the plaintiff. He knew, when he bought, that the
horses were in charge of Sotcher's agent, and he accepted them
as they ran on the range; and without any knowledge of any
existing creditor of Sotcher, paid in good faith the stipulated
price. Everything was done which was necessary to a sale.
It was complete and perfect if Drew subsequently delivered
the horses to the plaintiff, or took charge of them for the
plaintiff.

What constitutes a delivery depends upon the character of the property sold, and the circumstances of each particular case. (*Chaffin* v. *Doub*, 14 Cal. 384; *Lay* v. *Neville*, 25 id. 545.) For the purpose of a delivery, it is not necessary that the property should pass into the actual possession of the buyer. When property is so situated that the buyer is entitled to and can rightfully take possession of it at his pleasure, he is considered as having actually received it as the statute requires. Accordingly, it has been held, if a vendor of goods in the care and keeping of a third person directs him to deliver them to the vendee, and the party holding the goods, on notice and application of the vendee, assents to retain the goods for him, it is a delivery sufficient to transfer the title and to satisfy the statute. (*Means* v. *Williamson*, 37 Me. 556.) By delivering the bill of sale to the plaintiff, and giving direction to his agent to get the horses together, and keep them for the plaintiff, to whom they had been sold, Sotcher transferred them to the plaintiff; and when the agent, in obedience to the direction which he had received, collected them together in his pasture for the plaintiff, and wrote to him that they were ready for him, and to come and take them, and the plaintiff employed the agent to take charge of them and winter them for him, this was an actual delivery of the property, so far as the nature and condition of the property admitted of it; and when the agent under his employment turned the horses out to pasture on their accustomed range, and kept them exclusively for the plaintiff until they were taken by the defendant, the requisitions of § 3440 of the Civil Code were fully satisfied. "It is clear," says the Court, in *Walden* v. *Murdock*, 23 Cal. 533, "that if the plaintiff had collected together the cattle purchased by him, and marked them with his own brand, and let them go to pasture on their accustomed range, that would have constituted a good delivery and continued change of possession." So, where sheep were selected and marked, and left in the possession of a third party, who was desired and who consented to hold them for the vendor, this was held to be a sufficient delivery to complete the sale and pass the property, as against the creditors of the vendor. (*Barney* v. *Brown*, 2 Vt. 374.) And in *Montgomery* v. *Hunt*, 5 Cal. 366, where one Weston, being the

owner of a ranch and the cattle thereon, sold the cattle to the plaintiff, and gave him a bill of sale, and the day following the sale, the vendee went to the ranch and presented to the agent of the vendor in charge of the ranch an order from the vendor for the delivery of the cattle, and the agent, upon reading the order, pointed out the cattle where they were grazing on the ranch, and the vendee employed the agent to take charge of them on his account, and the agent did so, and remained in charge of them for the plaintiff until they were levied on by the defendant in the action, it was held, that there was a delivery as immediate and as complete as the nature of the case would admit, and followed by an actual and continued change of possession.

Whence it results, that the Court below did not err in finding and deciding that the plaintiff purchased the horses in good faith and for a valuable consideration, and without any design to hinder, delay, or defraud any creditor of Sotcher; and that the sale was complete, and accompanied by an immediate delivery, followed by an actual and continued change of possession.

Judgment and order affirmed.

McKINSTRY, J., and ROSS, J., concurred.