[No. 8336.   Department One. — November 19, 1885.]

A. B. STEWART, RESPONDENT, v. P. B. TAYLOR, APPELLANT.

PRACTICE — REPLEVIN — JUDGMENT. — In an action to recover the possession of personal property, or its value, with damages for its detention, a judgment for the plaintiff must be in the alternative form prescribed by section 667 of the Code of Civil Procedure.

ID. — VERDICT — VALUE OF PROPERTY. — Where such an action is tried by a jury, a verdict which fails to find the value of the property is insufficient, and cannot be corrected by reference to a note of the phonographic reporter in his report of the proceedings on the trial.

ID. — NEW TRIAL — STATEMENT. — Where a motion for a new trial is to be made on a statement of the case, an order denying the motion before the statement has been settled and certified by the court is erroneous.

ID. — APPEAL — POWER OF COURT WHILE PENDING. — Pending an appeal from such order, the lower court has no authority to vacate or set aside the same.

APPEAL from a judgment of the Superior Court of Mono County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Kittrell & Owen,* and *Beatty, Beatty, & Beatty,* for Appellant.

The verdict is insufficient. (Code Civ. Proc., secs. 627, 667; *Carson* v. *Applegarth,* 6 Nev. 187; *Lambert* v. *McFarland,* 2 Cal. 58; *Norcross* v. *Nunan,* 61 Cal. 643.)

*T. A. Stephens, T. W. W. Davies,* and *A. N. Drown,* for Respondent.

McKEE, J. — Appeal from a judgment and order denying a motion for a new trial, in an action against the defendant as sheriff of Mono County, for the recovery of personal property or five hundred dollars, its alleged value, and six hundred dollars damages.

By his answer to the complaint, the defendant specifically denied the allegations of the complaint, and pleaded justification under a writ of attachment which was issued in an action against a former owner of the property, from whom plaintiff claimed to have derived his title.

The jury, before whom the case was tried, after being properly instructed as to the form of their verdict, rendered a verdict as follows: "We . . . . find a verdict for plaintiff in the sum of five hundred dollars"; and the same was entered, without objection, in the minutes of the court. Upon the verdict thus rendered, the court rendered judgment for the plaintiff "for the return and redelivery of the property mentioned in the complaint, or the sum of five hundred dollars, the value thereof, in case a redelivery of the property cannot be had, and for costs and disbursements."

The case does not show whether the property had been delivered to the plaintiff or not; and the defendant, by his answer, did not claim a return of the property. It is only where a verdict is found for defendant in an action to recover possession of personal property, that judgment must be entered for a return of the property if the defendant claims to be entitled to its return. But as the action is brought to recover possession, and the plaintiff obtains a verdict, judgment should be for the possession or the value of the property, and damages, if any awarded, for its detention. Such is the rule for the entry of judgment in this class of actions, prescribed by section 667 of the Code of Civil Procedure; and a judgment which is not in the alternative form as prescribed by the code is erroneous. (*Berson* v. *Nunan*, 63 Cal. 550.) The judgment in hand is therefore erroneous.

The judgment is also erroneous, because it is founded upon an informal and incomplete verdict.

The verdict was informal and insufficient in that it did not find the value of the property. (*Garlick* v. *Bower*, 62 Cal. 65; *Vanderford* v. *Foster*, 62 Cal. 179.) It is not helped by the fact that the phonographic reporter noted in his report of the proceedings in the case, "that the jury retired and subsequently returned into court with a verdict in favor of plaintiff, fixing the value of the property at five hundred dollars." The verdict could not be cor-

rected in that way. The court had the power to have it corrected; for the law made it his duty to call the attention of the jury to the fact that their verdict was insufficient, and to advise them in what it needed to be corrected. The correction could then have been made by the jury in the presence of the court, or they could have retired to further consider their verdict and put it in proper form. That was not done; and the court, in accepting the verdict in its defective form and pronouncing judgment upon it, assumed as a fact what the verdict did not express, and in doing so, invaded the province of the jury; for the jury alone could find the value of the property.

A verdict to serve as a basis for a judgment must be complete and certain, otherwise both the verdict and judgment entered thereon are erroneous and reversible. (*Dougherty* v. *Haggin,* 56 Cal. 522; *Kelly* v. *McKibben,* 54 Cal. 192.)

The order appealed from is also irregular, because it was made and entered before the statement on motion for a new trial, to which amendments had been proposed, was settled, and certified by the court.

The transcript shows that nearly five months after the entry of the order, the court, finding that it had erroneously or inadvertently denied the motion for a new trial before the settlement of the statement upon which the motion was to be made, vacated and set aside the order, settled and certified the statement, and denied the motion for a new trial. This order purports to have been made on the 12th of November, 1881. But the defendant had appealed from the order on the 30th of June, 1881, and when the order of the 12th of November was made and entered, the case was pending in this court.

There is no doubt that the court in which an irregular order is made and entered may, where the irregularity is apparent on suggestion, motion, or *ex mere motu,* set it aside at any time before an appeal is taken from it.

Such an order, however, is valid until set aside or reversed on appeal; and where an appeal has been taken from it, the jurisdiction of the court *a qua* is suspended, so that pending the appeal the court below cannot vacate and set aside the order appealed from. (*Bryan* v. *Berry*, 8 Cal. 135.)

Whence it results that the order appealed from denying defendant's motion for a new trial, and the judgment entered in the case, must be reversed.

Judgment and order reversed, and cause remanded for further proceedings.

Ross, J., and McKinstry, J., concurred.