[No. 9869. In Bank. — February 25, 1886.]

CHARLES K. KIRBY ET AL., PETITIONERS, v. SUPERIOR COURT OF NEVADA COUNTY, RESPONDENT.

JUDGMENT — AFFIRMANCE ON APPEAL — DEMURRER — AMENDMENT — PROHIBITION. — After the affirmance on appeal of a judgment in favor of the defendant, entered on sustaining a demurrer to the complaint, and the refusal of the plaintiff to amend, the Superior Court cannot vacate the judgment, and permit the plaintiff to amend, and thereupon proceed with the trial of the case. If the court threatens so to do, it may be restrained by a writ of prohibition, notwithstanding the order allowing an amendment would be appealable. In such a case, the remedy by appeal is not speedy.

ID. — PLEADINGS CANNOT BE AMENDED PENDING APPEAL. — Pending an appeal, the trial court has no jurisdiction to allow an amendment to any pleading.

APPLICATION for a writ of prohibition. The facts are stated in the opinion of the court.

*Lloyd & Wood*, for Petitioners.

*George E. Church*, for Respondent.

THORNTON, J. — Application for a writ of prohibition. In the action of *Johnson et al.* v. *Kirby et al.*, in the Superior Court of Nevada County, the plaintiffs filed an amended complaint, to which defendants demurred. The demurrer was sustained, and plaintiffs herein refused to amend, thereupon judgment was entered for the defendants. From this judgment plaintiffs appealed to this court, where the judgment was affirmed. (*Johnson* v. *Kirby*, 65 Cal. 482.)

After the affirmance of the judgment, and more than one year after the entry of the final judgment, the Superior Court above named, on motion of plaintiff Johnson, made an order vacating the judgment, and allowing plaintiffs to file another amended complaint, and now threatens to proceed to try said cause, notwithstanding the final judgment affirmed as aforesaid. To prevent this a writ of prohibition is asked for.

We are of opinion the writ should be allowed. The plaintiffs had an opportunity to amend prior to the appeal. This they declined to do, preferring to stand on the complaint as they had shaped it, and resort to the remedy of appeal from the judgment. This they tried, and the appeal was determined against them. It would be the height of injustice now to allow the plaintiffs, after trying the remedy by appeal, and having been cast on it, to do that which they had refused to do when it was submitted to their option. The judgment which they appealed from having been affirmed, there is an end of the litigation. The defendants having gained the suit in the course adopted by plaintiffs, the plaintiffs should not be allowed to turn round and say we should be allowed to try the course which they refused to adopt when it was in their power to adopt it. Such inconsistent action is likened to *blowing hot and cold* with the same breath, which a court of justice always discountenances and disallows. (Broom's Legal Maxims, *Allegans contraria*, etc., p. *169.)

It is said the order allowing the amendment is an appealable order. Conceding it is, we do not think the defendants should be put to the delay and expense of an appeal. This remedy, while it would be adequate, would not be *speedy*. (*Merced M. Co.* v. *Fremont*, 7 Cal. 130; S. C., 68 Am. Dec. 262.) The plaintiffs, under the state of facts above presented, should not be put to the delay of an appeal. The cause is a plain one, and we are convinced the court has no power or discretion after final judgment

affirmed to vacate the judgment and allow an amendment to a complaint under the circumstances presented here. The judgment of this court on appeal has determined that there was no error in the record, and the parties and court *a qua* are alike concluded by it from vacating it and making another case for trial. The plaintiffs should not be thus allowed to speculate or gamble on remedies.

There is here a final judgment, and certainly the court could not allow an amendment to a complaint, when more than a year had elapsed since the final judgment was rendered and entered. Under such circumstances, an amendment is only allowed for clerical misprisions, when the means for making the amendment and the right to make it are furnished by the record itself of the case. (*De Castro* v. *Richardson*, 25 Cal. 49; *Estate of Schroeder*, 46 Cal. 316.) In other regards the court has no power to alter the record in any respect. It has then passed beyond the power of the court, or there could not be an end of the litigation.

There is no answer to the petition; therefore we have taken the facts as stated in the petition as admitted. And on these we are of opinion the writ should issue. It would be a hard case on defendants that a court should allow the affirmed judgment in an action to be vacated and a new case made by plaintiffs, after defendants, on the elected showing of plaintiffs, had won the suit. An amendment of the complaint would not then be in furtherance of justice, and amendments are only allowed in furtherance of justice. (Code Civ. Proc., sec. 473.)

It does not appear from the petition that a *remittitur* was ever sent down from this court to the court below, on the affirmation of the judgment. But this does not help the case of the respondents. While the appeal is pending, the court below certainly could not have jurisdiction to order an amendment to any pleading.

The writ must be allowed. So ordered.

Ross, J., and Sharpstein, J., concurred.

Myrick, J., concurred in the judgment.

Rehearing denied.