[No. 11325. Department One. — March 18, 1887.]

SAN FRANCISCO SAVINGS UNION, PLAINTIFF, J. B. RANDOL, SUBSTITUTED PLAINTIFF, RESPONDENT, *v.* J. R. MYERS ET AL., RESPONDENTS, MARK L. McDONALD, APPELLANT.

APPEAL — JUDGMENT BY CONSENT — DISMISSAL. — A motion was made to dismiss the appeal on the ground that the judgment appealed from was entered upon the mutual consent of the parties. The only evidence of consent contained in the transcript consisted of a written indorsement made in the margin opposite to the copy of the judgment, as follows: "Indorsed in lead pencil on the back of the original judgment is the following, 'Agreed to. Pillsbury and Blanding, Lewis Shearer, William F. Herrin.'" The answer of the appellant was subscribed, "Wallace, Greathouse, and Blanding," as his attorneys, for whom, after the entry of the judgment, was substituted Edward Lynch, by whom the notice of appeal was signed. *Held,* that the motion should be denied.

ID. — AMENDMENT OF JUDGMENT PENDING APPEAL — JURISDICTION OF SUPREME COURT. — The Superior Court cannot deprive the Supreme Court of jurisdiction of an appeal from a judgment by amending it while the appeal is pending.

Appeal from a judgment of the Superior Court of Alameda County.

Motion to dismiss appeal. The facts are stated in the opinion of the court.

*Edward Lynch,* for Appellant.

*William F. Herrin,* and *Lewis Shearer,* for Respondents.

McKINSTRY, J. — The respondent moves to dismiss the appeal of the defendant McDonald on the ground that the judgment appealed from was entered "upon the mutual consent" of the appellant and the other parties to the action. In the margin, opposite to the copy of the judgment contained in the transcript, appear the words: "Indorsed in lead pencil on the back of the original judgment is the following: 'Agreed to. Pillsbury

and Blanding, Lewis Shearer, William F. Herrin.'"
The answer of defendent McDonald is subscribed, " Wallace, Greathouse, and Blanding," as his attorneys, for whom, after the entry of the judgment, was substituted Edward Lynch, Esq. The notice of appeal is signed, "Edward Lynch, attorney for defendant McDonald." There is nothing in the indorsement itself, separated from the other portions of the transcript, to indicate that the names written in lead pencil were the names of attorneys for any of the parties. It does not appear whether they were signed before or after the judgment was rendered or entered, or, if signed before, that the words "agreed to" were intended to mean anything more than that the draught of the decree or judgment prepared to be presented to the judge was agreed to as properly expressing the judgment ordered by the court.

There is no recital in the judgment showing it was based on the consent of the defendant-appellant. The judgment commences with the recital: " This cause came on regularly to be heard in open court on this seventh day of July, 1885, William Herrin, Esq., appearing for plaintiff, and Lewis Shearer, Esq., appearing as the attorney of defendants Robinson and Meyers, and Pillsbury snd Blanding, Esqs., for defendant McDonald. The court having heard *all the evidence and proofs* produced herein, and duly considered *the same,* and being fully advised in the premises, and it *appearing therefrom* to the satisfaction of the court," etc. Important issues were made by the pleadings on the part of defendant McDonald, and the presumption is that the judgment which determines those issues was based upon the evidence bearing on them, and not upon the pencil memorandum made, so far as appears, after the trial was concluded.

A former motion to dismiss the appeal was denied "without prejudice." Even if it be conceded that we would be authorized to grant the renewed motion on

the same evidence as that submitted on the hearing of the former motion, we think such evidence does not require of us that the appeal be now dismissed. It is urged, however, that the new motion is based upon evidence of facts not presented nor relied upon when the former motion was made. The only new fact submitted on the hearing of the present motion is that, after the order denying the former motion to dismiss, the court below, on application of plaintiff, amended, or attempted to amend, the judgment appealed from by inserting therein " Pillsbury and Blanding, attorneys for the defendant M. L. McDonald, . . . . agreeing thereto." If it be conceded the court below had power to amend the judgment, the amended judgment was substituted for the original, and, from the time of its entry, became the " final judgment " in the Superior Court. We think it very plain that the Superior Court cannot deprive this court of jurisdiction of an appeal from a judgment by amending the judgment while the appeal is pending here. It is contended the amended judgment of the Superior Court is *evidence* that the original judgment was entered by consent. Aside from the proposition that the Superior Court had no power to affect the appeal from the judgment by amending it, the amended judgment, whether valid or invalid, was appealable, and in fact (if we look at the record of that appeal), has been appealed from by the defendant McDonald. We ought not now to determine such appeal, and it would be to anticipate its determination to decide the amended judgment to have been a valid and conclusive adjudication that the original judgment was made and entered by consent. Motion denied.

PATERSON, J., and TEMPLE, J., concurred.