[No. 12666. In Bank. — April 17, 1889.]

## O. A. WASHBURN, AS ASSIGNEE IN INSOLVENCY OF A. F. JONES, RESPONDENT, v. C. P. HUNTINGTON ET AL., APPELLANTS.

INSOLVENCY — DEFINITION OF — INABILITY TO PAY DEBTS. — A debtor when he is unable to pay his debts from his own means as they become due is insolvent, within the meaning of the insolvency act of 1880.

ID. — REASONABLE CAUSE TO BELIEVE THAT TRANSFERRER IS INSOLVENT — FACTS SUFFICIENT TO SUGGEST INQUIRY. — A transferee from an insolvent debtor will be charged with reasonable cause to believe that the debtor is insolvent, when he knows sufficient facts as to the debtor's financial condition to put him on inquiry, which, if prosecuted by him, will disclose the fact of the debtor's insolvency.

ID. — ACTION BY ASSIGNEE AGAINST FRAUDULENT TRANSFEREE — EVIDENCE OF INSOLVENCY — ADMISSION OF INSOLVENT TO THIRD PERSON. — In an action by an assignee in insolvency to recover personal property from a transferee who is alleged to have had reasonable cause to believe the transferrer insolvent at the time of the transfer, evidence is admissible, for the purpose of showing the transferrer's insolvency, of conversations had by him with third parties, in which he admitted his insolvency.

ID. — TRANSFER OF BOOK-ACCOUNTS — ASSIGNMENT NOT IN USUAL COURSE OF BUSINESS. — A transfer by a debtor to a particular creditor of his book-accounts, which is made by way of orders drawn by the debtor on his debtors, is an assignment made out of the usual and ordinary course of the business of the debtor, within the meaning of the insolvency act.

ID. — FRAUD AGAINST INSOLVENT ACT. — The fraud mentioned in section 55 of the insolvent act of 1880, of which an assignment by a debtor not made in the usual course of his business is *prima facie* evidence, means fraud on the provisions of the insolvent act.

ID. — PRIMA FACIE EVIDENCE OF FRAUDULENT TRANSFER. — A transfer by a debtor to his creditor, not made in the usual and ordinary course of business of the debtor, is *prima facie* evidence that the transferee had reasonable cause to believe, when the transfer was made and accepted, that it was made with a view to prevent the debtor's property assigned from coming to his assignee in insolvency, and to prevent his property from being distributed ratably among his creditors.

CLAIM AND DELIVERY — JUDGMENT — FINDINGS AS TO RIGHT TO RECOVER POSSESSION. — In an action to recover the possession of personal property under section 667 of the Code of Civil Procedure, it is essential, to sustain a judgment for the plaintiff, that the court should find that he is entitled to a recovery of the property sued for. A finding that he is entitled to judgment for a particular amount is not a compliance with the statute.

ID. — JUDGMENT MUST BE IN ALTERNATIVE. — A judgment for the plaintiff in such an action must be for the possession, or the value thereof in case a delivery cannot be had, with damages for the detention. A judgment merely for the alternative value is erroneous.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing •a new trial.

The action was brought by the assignee in insolvency of an insolvent debtor, to recover certain personal property which the debtor had transferred to the defendants. The insolvent, A. F. Jones, had been engaged in business as a blacksmith, and the defendants, wholesale dealers in iron, had sold him goods for a period of about two years prior to his insolvency. At the time of the transfer in question, the insolvent owed the defendants about $360 for goods sold him by them. The evidence of the insolvent, and of one Sheets, an agent of the defendants, tended to show that the defendants had repeatedly demanded payment of this balance, but that the insolvent had repeatedly expressed to them his inability to pay. On the trial, the plaintiff, for the purpose of showing the insolvency of A. F. Jones, called as a witness one Hinkle, with whom the insolvent had done business, who testified, against the objection of the defendants, to certain conversations had with the insolvent, in which he had stated his inability to pay his debts at the time of the transfer. The further facts are stated in the opinion of the court.

*Albert M. Johnson,* for Appellants.

*W. J. Herrin,* for Respondent.

THORNTON, J. — This action is brought by the plaintiff, as assignee in insolvency of one Jones, to recover certain book-accounts transferred by Jones to the defendants on the 27th of July, 1886. The transfer was made by orders drawn by Jones on his debtors in favor of defendants. Within less than one month after the transfer, viz., on the twenty-third day of August, 1886, Jones filed his petition in insolvency, and on the same day was declared an insolvent.

The ground on which a recovery in the action was urged is, that the defendants, when they received and accepted the transfer above mentioned, had reasonable cause to believe that the transferrer was insolvent, and that such transfer was made with a view to prevent the property of the transferrer from coming to his assignee in insolvency, or from being distributed ratably among the creditors of the transferrer, and to defeat the object of, and hinder, impede, and delay the operation, and to evade the provisions of the act of insolvency of April 18, 1880, by preventing the property of the assignor from being subjected to the payment of the debts of the transferrer other than the debt due to the defendants.

It is urged that the evidence is insufficient to show that Jones was insolvent on the 27th of July, 1886. We do not think this contention maintainable. The evidence of the witnesses of Jones, Sheets, and Hinkle, all tended to show that Jones was then insolvent, and justify the court in so finding.

We will remark here, in relation to the evidence of Hinkle, which attorneys for defendants (appellants here) contend was improperly admitted in the court below, that in our view it was admissible as relevant to the issue of Jones's insolvency on the 27th of July, 1886.

It is further contended that the evidence is insufficient to justify the finding that the defendants had reasonable cause to believe Jones insolvent on the 27th of July, 1886, or that they had any cause to believe that the assignment was made with a view to prevent the property of Jones from coming into the hands of the plaintiff as assignee, or to evade any of the provisions of the insolvent act, or to impede its provisions.

We think that the facts deposed to by Jones and Sheets were sufficient to put defendants on inquiry as to Jones's solvency, which inquiry, if prosecuted by defendants, would have disclosed to them that Jones was, when he made the transfer above mentioned, unable to pay his

debts from his own means as they became due. When this is the condition of a debtor, he is, within the meaning of the act of 1880, insolvent. The definition of insolvency, given above, is that stated in the title of the Civil Code in regard to assignments for the benefit of creditors (Civ. Code, sec. 3450), and we can see no reason why this is not correct under the insolvent act of 1880. That the defendants were aware that Jones's financial condition was precarious is shown by their application for the transfer made to them as security. If the defendants had pursued the inquiry, they would have found a state of things existing such as was disclosed by Jones's testimony, in which a statement of his assets and liabilities appear, and this statement, in our judgment, shows that Jones was, on the day when he made the transfer, insolvent. We entertain no doubt that the finding that when the defendants accepted the transfer of the accounts from Jones they had reasonable cause to believe that he was insolvent, is sustained by the evidence.

We think that the court correctly found that the assignment to defendants was out of the usual and ordinary course of business of the debtor, Jones, and there is no evidence to the contrary.

By the last clause of section 55 of the insolvent act of 1880 (constituting article 8, and relating to fraudulent preferences and transfers), in reference to such assignment as is spoken of above, it is provided that if such assignment "is not made in the usual course of business of the debtor, that fact shall be *prima facie evidence* of fraud."

The same clause will be found in section 35 of the late United States bankrupt act. And *fraud* mentioned in this clause has been construed to mean fraud on the provisions of the bankrupt act. (See the following cases in which it was so held: *In re Meyer*, 2 N. B. Reg. 422; *In re Hunt*, 2 N. B. Reg. 542; *In re Dean*, 2 N. B. Reg. 91; *Collins* v. *Bell*, 3 N. B. Reg. 587; *Martin* v. *Toof*, 4

N. B. Reg. 492, 493.)    And we think this construction should be adopted here, that the fraud mentioned in the clause of the fifty-fifth section above cited means fraud on the provisions of the insolvent act.

In this view, the transfer to the defendants being out of the usual and ordinary course of business of the debtor, it is *prima facie* evidence that the defendants had reasonable cause to believe when such assignment was made and accepted by them that it was made with a view to prevent the debtor's property assigned to defendants from coming to his assignee in insolvency, and to prevent the property of the debtor from being distributed ratably among his creditors.    There being no evidence to rebut the *prima facie* case of fraud so established, it must be held to be conclusively established that the assignment to defendants was made with the view above stated.    (See *Ohleyer* v. *Bunce,* 65 Cal. 544.)

The action was brought to recover possession of the orders mentioned above, or the value thereof, stated to be $383, in case delivery of the orders could not be had.

The court below held as a conclusion of law from the facts found that the plaintiff was entitled to judgment for $250, and ordered that judgment be entered accordingly, which was done; but the court did not find as a conclusion of law that he was entitled to a recovery of the orders sued for.

It is provided by section 667 of the Code of Civil Procedure that in an action to recover the possession of personal property judgment for the plaintiff may be for the possession, or the value thereof in case a delivery cannot be had, and damages for the detention.    Thus a clear and statutory rule is laid down as to the judgment which shall be entered, and we cannot perceive that a judgment can be entered for the alternative value, unless it is found that the plaintiff is entitled to recover the property sued for.

This omission to find whether or not the plaintiff was

entitled to recover the orders sued for was error. The judgment as entered is also erroneous. If the plaintiff is not entitled to recover the property sued for, we cannot see that he is entitled to a judgment. If he is entitled to recover such property, the judgment must be as prescribed in section 667 of the Code of Civil Procedure. (*Berson* v. *Nunan*, 63 Cal. 552.)

The judgment is therefore reversed, and the cause remanded, with direction to find on the facts found whether or not, as a conclusion of law, the plaintiff is entitled to recover the orders sued for, and to enter judgment in accordance with such finding; that is to say, if it is determined on the facts found that plaintiff is entitled to recover the orders (the value of which have been found to be $150), that judgment be entered as provided in section 667 of the Code of Civil Procedure; if it is determined that plaintiff is not entitled to recover the orders, judgment should be entered for defendant.

Ordered accordingly.

McFARLAND, J., SHARPSTEIN, J., WORKS, J., and BEATTY, C. J., concurred.

Rehearing denied.