[No. 14298.   Department One.— September.21, 1891.]

MARTIN ETCHEPARE, APPELLANT, v. MARTIN G. AGUIRRE, RESPONDENT.

CLAIM AND DELIVERY — GENERAL VERDICT — SPECIAL FINDING OF VALUE ONLY — RETURN OF PROPERTY — ALTERNATIVE JUDGMENT. — In an action of claim and delivery, where the defendant demands a return of the property, and the verdict of the jury, in favor of the defendant, is special as to the value of the property, and general upon all the other issues, it is sufficient to justify an alternative judgment for the return of the property, or for its value in case a delivery cannot be had, and is not rendered defective because not specially finding in the alternative "for the return of the property."

ID. — FORM OF ALTERNATIVE JUDGMENT — CONDITION OF JUDGMENT FOR VALUE — APPEAL — SETTING ASIDE JUDGMENT — DIRECTION TO LOWER COURT. — A judgment for the return of the property or the value thereof, but which omits from the judgment for value the clause "in case a return cannot be had," is not sufficient in form or substance, under section 667 of the Code of Civil Procedure, and upon appeal therefrom the court below will be directed to set it aside and enter an alternative judgment in conformity with the statute, where the verdict is sufficient to authorize it.

ID. — SALE OF MILCH COWS — CHANGE OF POSSESSION — CONTROL BY VENDOR — INSTRUCTIONS. — In an action to recover the possession of cattle taken by the defendant under a writ of attachment against the plaintiff's vendor, where it appeared that the cattle alleged to have been sold consisted largely of milch cows, which were in the actual possession of the vendor, who was milking the cows and peddling the milk as well after the sale as before, and the evidence tended to show that he bought the feed and managed the business as before, it is not error for the court to refuse to charge the jury that "for the purpose of a delivery it is not necessary that the property sold should pass into the actual possession of the buyer," and that "when property is so situated that the buyer is entitled to and can rightfully take possession of it at his pleasure, he is considered as having actually received it as the statute requires."

ID. — EMPLOYMENT OF VENDOR AFTER SALE — INSTRUCTIONS — ORAL EXPLA-
NATION. — Where the court had instructed the jury that in determining
whether there was an actual and continued change of possession of the
property at the time of the alleged sale, while they were to consider the
fact that the vendee employed the vendor after the sale, still they were
not bound to regard that fact alone as conclusive of the question, it is
not error for the court to give an oral explanation at the request of a
juror, to the effect that a vendee can employ his vendor, but if he leaves
the vendor in the entire charge of the property, or in such apparently
entire charge that it appears to the world that there is no open and ap-
parent change of possession, and no open and apparent means by which
people about could take notice that there had been any change, then there
is not such an actual change of possession as is required by law.

ID. — EVIDENCE — CROSS-EXAMINATION OF VENDOR — ACTS AND DECLARA-
TIONS AFTER SALE. — Testimony of the vendor, upon cross-examination,
as to what he did and said in regard to the cattle, after he had executed
the bill of sale of them to the plaintiff, is pertinent to the issue as to
whether or not the sale had been accompanied by an immediate de-
livery and followed by an actual and continued change of possession, and
the admission of it by the court is not error.

DECISIONS — CONSTRUCTION OF OPINIONS — INSTRUCTIONS. — The language
of an opinion rendered in the decision of a case is to be taken concretely
with its context, and in view of the facts of the case, and a portion of its
language cannot properly be made the foundation of an abstract in-
struction to be applied to a different case to which it is not applicable.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*M. V. Biscailuz,* and *W. I. Foley,* for Appellant.

The verdict and judgment should have been in the
alternative form and should have found for the return
of the property, inasmuch as the plaintiff held possession
of the property and the defendant claimed its return in
his answer.    (Code Civ. Proc., secs. 627, 667; *Stewart* v.
*Taylor,* 68 Cal. 7; *Dougherty* v. *Haggin,* 56 Cal. 522; *Kelly*
v. *McKibben,* 54 Cal. 192; *Norcross* v. *Nunan,* 61 Cal. 643;
*Berson* v. *Nunan,* 63 Cal. 552; *Brichman* v. *Ross,* 67 Cal.
606; *Garlick* v. *Bower,* 62 Cal. 65; *Washburn* v. *Hunt-
ington,* 78 Cal. 577.)    The acts and declarations of the
witness Jaureguy were inadmissible, because they were
unauthorized declarations, and acts said and done in the
presence of third persons, after the sale of November 9,
1889, and amounted to no more than a mere narrative of

past transactions. (*Cohn* v. *Mulford*, 15 Cal. 52; *Jones* v. *Morse*, 36 Cal. 207; *Hutchings* v. *Castle*, 48 Cal. 152; *Aguirre* v. *Alexander*, 58 Cal. 26; *Garlick* v. *Bowers*, 66 Cal. 122; *Briswalter* v. *Palomares*, 66 Cal. 261; *Walden* v. *Purvis*, 73 Cal. 519; *Thomas* v. *Black*, 84 Cal. 221.) The fourth instruction, asked by plaintiff, should have been given, as it was taken from the opinion of the court in *Williams* v. *Lerch*, 56 Cal. 334; and moreover, the personal property in dispute being of a bulky and ponderous nature, the rule as to what constitutes a delivery and change of possession is more liberally construed than in other cases. (*Cartwright* v. *Phœnix*, 7 Cal. 282; *Chaffin* v. *Doub*, 14 Cal. 387; *Walden* v. *Murdock*, 23 Cal. 552; *Lay* v. *Neville*, 25 Cal. 553; *Williams* v. *Lerch*, 56 Cal. 330; *Conroy* v. *Duane*, 45 Cal. 605; *Samuels* v. *Gorham*, 5 Cal. 227.) The oral instruction given entirely deprived the jury of the consideration of the fact of the control or possession and delivery of the property in dispute. The mere exercise of acts of ownership by the vendor after the sale of the property is not conclusive evidence, but only a circumstance more or less strong for the jury to consider. (*O'Brien* v. *Chamberlain*, 50 Cal. 289; *Godchaux* v. *Mulford*, 26 Cal. 316; 85 Am. Dec. 178; *Goldstein* v. *Nunan*, 66 Cal. 544; *Ralph* v. *Lockwood*, 61 Cal. 155.)

*W. T. Williams*, for Respondent.

A special finding of the jury that the defendant was entitled to a return of the property was unnecessary. (*Pico* v. *Pico*, 56 Cal. 461.) The verdict conforms to section 627 of the Code of Civil Procedure. The omission of the words from the judgment, " in case a return cannot be had," does not injure the plaintiff. The value is found. The judgment for the value of the property comes into operation only in case a return cannot be had. (*Whetmore* v. *Rupe*, 65 Cal. 237.) No error or defect is to be regarded, unless it affects substantial rights. (Code Civ. Proc., sec. 475; *Willard* v. *Archer*, 63 Cal. 33, 34.). The jury pronounced upon the issues against the plaintiff, and if the court below has not entered the

proper judgment, this court will direct the proper judgment to be entered, upon such terms as may be just. (Code Civ. Proc., sec. 53.)    The objections made to the questions propounded upon cross-examination to plaintiff's witness Jaureguy were proper questions upon the cross-examination of the witness.    (Code Civ. Proc., secs. 2045, 2048; *Nightingale* v. *Scannell,* 18 Cal. 323; *People* v. *Manning,* 48 Cal. 338; *Thompson* v. *Thornton,* 50 Cal. 145.)

VANCLIEF, C. — Action to recover the possession of personal property or the value thereof, commonly called "claim and delivery of personal property."

The defendant, as sheriff of Los Angeles County, seized the property in question by virtue of a writ of attachment as the property of the defendant in the attachment suit, from whom the plaintiff claims to have purchased it before the levy of the attachment.    It is alleged in the answer of the defendant that the sale of the property to plaintiff was fraudulent and void as to the creditors of the defendant in attachment, and this was the principal issue tried.    The property was delivered to the plaintiff pursuant to section 514 of the Code of Civil Procedure, as a return thereof to the defendant was not required.

The trial was by jury, whose verdict was as follows: "We, the jury in the above-entitled action, find for the defendant, and fix the value of the property at fifteen hundred dollars."

Whereupon it was adjudged by the court "that said defendant have and recover from said M. Etchepare, the plaintiff herein, the sum of fifteen hundred dollars, or the return of the property described in the complaint herein, and his costs."

The plaintiff appeals from the judgment, and from an order denying his motion for a new trial.

1. It is claimed by appellant that the verdict is defective in that it does not find "for the return of the property," and is not "in the alternative," since the

answer of the defendant demands a return of the property.

The verdict for the defendant was special as to the value of the property, as required by the code. As to all other issues, it was general. This was sufficient to justify a judgment for the return of the property, or for the value thereof in case a delivery could not be had. Such a judgment would have consisted entirely of pure conclusions of law from the verdict. The code does not require the verdict to be special, except as to the value of the property, and the sole object of this exception is to enable the court to render an alternative judgment as required by section 667 of the Code of Civil Procedure. (*Waldman* v. *Broder,* 10 Cal. 379; *Hunt* v. *Robinson,* 11 Cal. 262; *Pico* v. *Pico,* 56 Cal. 453.)

2. But the judgment was not, in form or substance, in accordance with section 667 of the Code of Civil Procedure. The defendant was not entitled to judgment for the value of the property, except upon the condition that a return of the possession thereof could not be had. The judgment should be " for a return of the property, or the value thereof *in case a return cannot be had.*" (*Washburn* v. *Huntington,* 78 Cal. 577.)

3. At the request of the plaintiff, the court gave to the jury the following three instructions:—

1. "If you believe from the evidence that the plaintiff purchased the property in question in good faith and for a valuable consideration, and without any design to hinder, delay, or defraud any creditor of Jaureguy, and that the sale was complete and accompanied by an immediate delivery, followed by an actual and continued change of possession, then you must find a verdict for the plaintiff in this action."

2. " A *bona fide* sale of property by a judgment debtor to a person other than the judgment creditor, in payment or satisfaction of a prior debt to such vendee, is not fraudulent because such vendee may be aware at the time of such *bona fide* sale that it will have the effect of defeating the collection of other debts against his vendor.".

3. "In determining whether there was an actual and continued change of possession of the property in question at the time of the alleged sale by Jaureguy to the plaintiff, while you are to consider the fact that the plaintiff employed Jaureguy after the alleged sale to plaintiff, still, you are not bound, independent of other evidence, to regard this fact alone as conclusive of the question."

But the court refused to give the fourth instruction asked by plaintiff, which is as follows: —

"What constitutes a delivery depends upon the character of the property sold and the circumstances of each particular case. For the purpose of a delivery it is not necessary that the property sold should pass into the actual possession of the buyer. When property is so situated that the buyer is entitled to and can rightfully take possession of it at his pleasure, he is considered as having actually received it as the statute requires."

After the court had concluded its instructions, a juror asked the following questions: —

"Can a party who purchases stock or any kind of goods keep in their employ the same parties that were there, and still be complying with the law? or is it necessary to move those goods or move?"

In answer to these questions, the court said: "I will read the instruction asked by plaintiff, but I will do it so that the jury can fully understand with regard to it"; then, after reading the third instruction, given at request of the plaintiff, added to it the following: "A party can employ the person, — the person from whom they purchase; but if they leave the person in the entire charge of the property, or leave them in such apparently entire charge of the property that it appears to the world around about that there has been no change of possession, that there is no open and apparent change of possession, no open and apparent means by which people about can take notice that there has been any change, then there is not such an actual change of possession as is required by law."

It is contended for appellant that the court erred in

refusing the fourth instruction asked by plaintiff, and in giving the addition to the third instruction given at request of plaintiff.

It is true that the language of the fourth instruction requested by plaintiff was extracted from the opinion of Mr. Justice McKee in *Williams* v. *Lerch,* 56 Cal. 334, but the language extracted is only a part of what was said by Mr. Justice McKee in connection with the facts of that case, which were materially different from the facts in this case. In that case, the property (horses) were in the care and custody of a third person (Drew) for the sole purpose of being pastured on a mountain range at a considerable distance from the residence of the owner (Sotcher). After executing a bill of sale of the horses to Williams (plaintiff in that action), Sotcher ordered Drew to collect them together and deliver them to Williams. Accordingly, Drew collected the horses, and informed Williams that they were ready for him. Thereupon Williams employed Drew to continue to pasture the horses for him (Williams). Some five months thereafter, while the horses were still being pastured by Drew, they were taken by a constable by virtue of an execution against Sotcher.

Upon these facts, Mr. Justice McKee, immediately preceding the language of the requested fourth instruction, said: " Everything was done which was necessary to a sale. It was complete and perfect if Drew subsequently delivered the horses to plaintiff, or took charge of them for the plaintiff"; and after the language of the requested instruction, further said: " By delivering the bill of sale to the plaintiff, and giving direction to his agent to get the horses together, and keep them for the plaintiff, to whom they had been sold, Sotcher transferred them to the plaintiff; and when the agent, in obedience to the direction which he had received, collected them together in his pasture for the plaintiff, and wrote to him that they were ready for him, and to come and take them, and the plaintiff employed the agent to take charge of them and winter them for him, this was

an actual delivery of the property, so far as the nature and condition of the property admitted of it; and when the agent under his employment turned the horses out to pasture on their accustomed range, and kept them exclusively for the plaintiff until they were taken by the defendant, the requisitions of section 3440 of the Civil Code were fully satisfied."

In the case at bar, the cattle alleged to have been sold consisted largely of milch cows, and were in the actual possession of the seller (Jaureguy), who was milking the cows and peddling the milk, with the assistance of two servants. After the alleged sale, he continued to milk the cows and to peddle the milk precisely as before; and the evidence strongly tends to show that he bought the feed for the cattle, and managed and controlled the business and the servants up to the time of the attachment, just as he had done before the alleged sale. Under this state of facts, the fourth instruction requested by plaintiff was not properly applicable, even conceding that it is good abstract law, which seems, at least, doubtful. The language of the instruction asked could not have been intended by Mr. Justice McKee to be read by itself as abstract law, but concretely with its context and the facts of the case of *Williams* v. *Lerch,* 56 Cal. 334.

The instructions given at the request of the plaintiff, with the explanation added by the court, were quite as favorable to the plaintiff as he was entitled to ask. The oral explanation given by the court in answer to the question of a juror is not so precise and explicit as doubtless it would have been had it been deliberately written; but as given, I think it is, substantially, supported by the following cases: *Stevens* v. *Irwin,* 15 Cal. 503; 76 Am. Dec. 500; *Malone* v. *Plato,* 22 Cal. 103; *Cahoon* v. *Marshall,* 25 Cal. 201; *Bell* v. *McClellan,* 67 Cal. 283.

4. It is contended that the court erred in permitting Jaureguy to be cross-examined by defendant as to what he did and said in regard to the cattle after he executed the bill of sale of them to the plaintiff. But the testi-

mony objected to was pertinent to the issue as to whether or not the sale had been accompanied by an immediate delivery and followed by an actual and continued change of possession; and therefore the court did not err in admitting it.

I think the order denying a new trial should be affirmed, but that the judgment should be reversed, and that the court below should be directed to enter a judgment on the verdict in favor of the defendant, in substantial accordance with this opinion.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order denying a new trial is affirmed; but the court below is directed to set aside its judgment entered in said cause, and to enter judgment upon the verdict therein in favor of the defendant, in substantial accordance with the foregoing opinion.