[S. F. No. 115.   Department Two.—September 15, 1896.]

ERNEST PEYCKE ET AL., APPELLANTS, *v.* D. KEEFE ET AL., RESPONDENTS.

PRACTICE—STRIKING OUT ANSWER—JUDGMENT—REFUSAL TO GIVE DEPOSITION.—A trial court is justified in striking out the answer of, and rendering judgment against, a defendant, who willfully refuses to give his deposition. Such matter is within the discretion of the trial court, and its action in restoring the answer will not be reversed on appeal, provided the court possessed the power to make the order at the time and in the manner pursued by it.

ID.—APPEAL—JURISDICTION OF TRIAL COURT.—Pending an appeal by a defendant from a judgment so rendered against him, and from an order refusing to set the same aside, the trial court loses jurisdiction of the cause, and has no authority, of its own motion, to set the judgment aside.

APPEAL from an order of the Superior Court of the

City and County of San Francisco setting aside a judgment. EUGENE R. GARBER, Judge.

The facts are stated in the opinion.

T. M. Osmont, and Peri E. Allen, for Appellants.

A. D. Splivalo, and Joseph M. Nougues, for Respondents.

SEARLS, C.—This is an action to recover from the defendants, as copartners under the firm name of D. Keefe & Co., the sum of four hundred and forty-three dollars and eighty-seven cents as a balance for money advanced by plaintiffs to defendants.

Defendant Keefe answered, averring that he was the sole member of the firm of D. Keefe & Co., denied the indebtedness to plaintiffs, and by way of cross-complaint, upon the facts therein stated, demanded a judgment against the plaintiffs for one hundred and thirty-six dollars and thirty-five cents.

Pending the case, and before a trial on the merits, such proceedings were had that, on the fourth day of April, 1893, the court below, on motion of counsel for plaintiffs, struck out the answer and cross-complaint of defendant Keefe, and entered judgment in favor of plaintiffs as prayed for in their complaint.

Defendant Keefe moved the court on affidavit and upon the papers on file to set aside the judgment entered against him, and to restore his answer and cross-complaint. This motion was denied by the court June 20, 1893.

On June 26, 1893, defendant Keefe took and perfected an appeal to this court from the judgment and order refusing to set the same aside, etc.

Thereafter, and on the thirtieth day of October, 1893, the court, upon its own motion and without any application therefor or notice thereof, set aside the judgment against defendant and restored his answer and cross-complaint.

Plaintiffs, in due time, appealed from this last order,

and, as defendant Keefe has never filed his transcript on appeal in this court, plaintiffs also move to dismiss this appeal.

The motion to dismiss the appeal of Keefe should be granted.

Touching the appeal of plaintiffs from the order setting aside the judgment and restoring the answer, etc., we are of opinion, from the showing made by the bill of exceptions: 1. That the court was justified in making the order striking out the defendant's answer and rendering judgment against him, upon the ground that he willfully refused to give his deposition in the cause; 2. But these matters are so far within the discretion of the trial court that, inasmuch as it is the policy of the law to favor a fair and impartial trial of every cause upon its merits, we are not at liberty, under the circumstances of this case, to reverse the action of the court looking to that end, provided always the court below possessed the power to make the order at the time and in the manner pursued by the court.

Addressing, then, our attention to the question of the authority of the court to make the order setting aside the judgment, etc., appealed from, the objections urged thereto are: 1. The judgment set aside had been appealed from, and (as is claimed) the court had lost all jurisdiction in relation thereto; 2. The judgment was entered more than six months prior to the order of October 30, 1893, setting it aside, hence the court had no authority in the premises; 3. That the court had no authority to act in the premises on its own motion and without a showing as to the justice thereof.

Touching the first proposition, section 946 of the Code of Civil Procedure provides that, " Whenever an appeal is perfected, as provided in the preceding sections of this chapter [Code Civ. Proc., tit. 13, pt. 2, c. 1], it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein, . . . . but the court below may

proceed upon any other matter embraced in the action and not affected by the order appealed from."

In *Kirby* v. *Superior Court*, 68 Cal. 604, it was held that, pending an appeal, the trial court has no jurisdiction to allow an amendment to any pleading.

In *Bryan* v. *Berry*, 8 Cal. 130, it was held that, where a judgment is rendered and an appeal taken to this court, the court below loses control over the judgment, and an order amending the judgment is erroneous.

In *Reynolds* v. *Reynolds*, 67 Cal. 176, it was held that, after a case has been appealed, the trial court has no power to so change the judgment appealed from as in effect to prevent the review of alleged errors brought up by a bill of exceptions.

In *San Francisco Sav. Union* v. *Myers*, 72 Cal. 161, it was held that the superior court cannot deprive the supreme court of jurisdiction of an appeal from a judgment by amending it while the appeal is pending.

In *Stewart* v. *Taylor*, 68 Cal. 5, it was held that, pending an appeal from an order denying a motion for a new trial, the lower court has no authority to vacate or set aside the same.

Upon the authority of these cases we are of the opinion that, when the defendant, Keefe, perfected his appeal to this court from the judgment against him, and from the order of the superior court, made upon his motion to set aside such judgment, that the court below so far lost jurisdiction of the cause that it could not, pending such appeal, set aside the judgment on its own motion, and that to do so was error for which the order setting aside the judgment should be reversed.

These views render an examination of the other points unnecessary.

We recommend: 1. That the order appealed from by plaintiffs be reversed; 2. That the appeal of defendant, D. Keefe, be dismissed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the

order appealed from by plaintiffs is reversed, and the appeal of defendant D. Keefe is dismissed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.