HYNES, Respondent, *v.* BARNES, Appellant.

(No. 1,772.)

(Submitted January 15, 1904.   Decided February 26, 1904.)

*Claim and Delivery—Verdict—Judgment—Alternative—Correction—Appeal.*

1. In a claim and delivery action the verdict of the jury need not be in the alternative.
2. The judgment in a claim and delivery action must be in the alternative.
3. The verdict must support the judgment, and both verdict and judgment must conform to the law.
4. The trial court has no authority,—after an appeal from a judgment in a claim and delivery action has been perfected, to correct the judgment by entering a judgment in the alternative.
5. A party in whose favor a judgment is rendered cannot, by failing to see that a proper judgment is entered, deprive his adversary of the right of appeal.

*Appeal from District Court, Granite County; Welling Napton, Judge.*

Replevin by Annie M. Hynes against Frank E. Barnes, constable.   From a judgment for plaintiff, defendant appeals. Remanded, with directions.

*Mr. D. M. Durfee, Mr. N. W. McConnell,* and *Mr. Josiah Shull,* for Appellant.

*Mr. George A. Maywood,* for Respondent.

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

1.   This is an appeal by the defendant from a judgment in favor of the plaintiff entered on a verdict in a claim and delivery action.

The judgment appealed from is a money judgment for the value of the property.   Prior to the service and filing of the notice of appeal, plaintiff had filed a motion to amend the judgment.   This motion, however, was not passed upon until subsequent to the perfection of the appeal, when an amended judgment was ordered entered.   It is claimed by the appellant that the verdict is erroneous in not providing for the return of the property, that it is indefinite, and that it "is not in the alternative."   The respondent contends that both the verdict and the original judgment are correct in form, and that, if the judgment was erroneous, it was the duty of the appellant to apply to the trial court for its correction.

The assignment of error relative to the alleged defects in the verdict is not referred to in the brief, except in the somewhat extended objection under the heading "Specifications of Error."   No authorities are cited, nor have counsel given the court the benefit of their opinion as to why they think the verdict defective, further than the mere assignment of error.   We have, however, examined this assignment, and find that the verdict is not open to the objections made.   (Section 1103, Code of Civil Procedure; *Wheeler* v. *Jones,* 16 Mont. 87, 40 Pac. 77; *Etchepare* v. *Aguirre,* 91 Cal. 288, 27 Pac. 668, 25 Am. St. Rep. 180.)

2.   The judgment appealed from, however, does not conform to the requirements of the statute.   It is not in the alternative, as required by Section 1193, Code of Civil Procedure.   The defendant is not given the option of returning the property.   The entry of a judgment on a verdict is made the duty of the clerk by Section 1190, Code of Civil Procedure, which reads, in part, "When trial by jury has been had judgment must be entered by the clerk in conformity to the verdict;" and the

judgment so entered must also conform to said Section 1193. The entry of the judgment is the act of the clerk, but, when entered, becomes the judgment of the court.

In *Boley* v. *Griswold* (1874), 20 Wall. 486, 22 L. Ed. 375, appealed from the Montana territorial court (1872, 1 Mont. 545), the Supreme Court of the United States held that a judgment for the value of the property in a claim and delivery action was sufficient, without providing for the return thereof, when it appeared to the court that the property could not be returned; but this question was not presented to, nor passed upon by, the territorial court.

The gist of a claim and delivery action is the wrongful detention of the property. The demand is for the return of the property, or the payment of its value *if a return cannot be had.* Damages for the wrongful detention are incidental. The return of the property is the primary thing sought. The very nature of the action would seem to indicate an alternative judgment, and that is undoubtedly the meaning of the statute. The verdict must support the judgment, and both verdict and judgment must conform to the law. (*Etchepare* v. *Aguirre,* 91 Cal. 288, 27 Pac. 668, 25 Am. St. Rep. 180; *Cooke* v. *Aguirre,* 86 Cal. 479, 25 Pac. 5; *Dwight* v. *Enos,* 9 N. Y. 470; *Fitzhugh* v. *Wiman,* 9 N. Y. 559; *Berson* v. *Nunan,* 63 Cal. 550; *Stewart* v. *Taylor,* 68 Cal. 5, 8 Pac. 605; *Washburn* v. *Huntington,* 78 Cal. 573, 21 Pac. 305.)

3. Section 1724, Code of Civil Procedure, provides that an appeal is taken by filing a notice of appeal, and serving the same on the adverse party. This corrected judgment was not rendered nor entered until long after this appeal had been perfected. Section 1730, Code of Civil Procedure, provides that, where an appeal is perfected, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein. The action of the trial court in attempting to correct this judgment was certainly a "proceeding in the court below upon the judgment," and a "matter embraced therein."

Under a similar statute the Supreme Court of California has repeatedly held that the trial court has no authority to take any proceedings whatsoever with respect to matters embraced in the appeal after the appeal is perfected.

"The trial court has no jurisdiction pending an appeal to allow an amendment to any pleading." (*Kirby* v. *Superior Court,* 68 Cal. 604, 10 Pac. 119.) "An order of the court below amending a judgment after an appeal is taken is erroneous." (*Bryan* v. *Berry,* 8 Cal. 130; *Shay* v. *Chicago Clock Co.,* 111 Cal. 549, 44 Pac. 237.) "The trial court has no power to so change the judgment appealed from as in effect to prevent the review of alleged errors brought up by bill of exceptions." (*Reynolds* v. *Reynolds,* 67 Cal. 176, 7 Pac. 480.) "The superior court cannot deprive the supreme court of jurisdiction of an appeal from a judgment by amending it while the appeal is pending." (*San Francisco Sav. Union* v. *Myers,* 72 Cal. 161, 13 Pac. 403.) "Pending an appeal from an order denying a motion for a new trial, the lower court has no authority to vacate or set aside the same." (*Stewart* v. *Taylor,* 68 Cal. 5, 8 Pac. 605.) "Pending an appeal the court below so far loses jurisdiction of the cause that it cannot on its own motion set aside the judgment." (*Peycke* v. *Keefe,* 114 Cal. 212, 46 Pac. 78; *Finlen* v. *Heinze,* 27 Mont. 107, 69 Pac. 829, 70 Pac. 517; *Finlen* v. *Heinze,* 28 Mont. 548, 569, 73 Pac. 123; *Bordeaux* v. *Bordeaux,* 29 Mont. 478, (decided February 1, 1904), 75 Pac. 359; *Glavin* v. *Lane,* 29 Mont. 228, 74 Pac. 406.)

The corrected judgment entered in this case on January 3, 1903, cannot, therefore, have any effect upon this appeal, nor be considered any further than as a mere fact appearing in the amended record.

4.   The district court, prior to appeal, has the power to correct its judgments in certain particulars. (*Egan* v. *Egan,* 90 Cal. 15, 27 Pac. 22; *Etchepare* v. *Aguirre, supra; Stewart* v. *Taylor,* 68 Cal. 5, 8 Pac. 605.) But it is the primary duty of the party in whose favor a judgment is ordered to see that the proper judgment is entered; and if, by his inattention, an er-

roneous judgment is entered, he cannot complain if the aggrieved party exercises his statutory right of appeal. It has been said: "If the judgment is objectionable in form, the remedy is by motion to correct in the court below, and an appeal may be taken from a denial of the motion, but an appeal without making such motion is not proper." (Black on Judgments (2d Ed.), par. 163; *Kindel* v. *Beck & P. L. Co.,* 19 Colo. 310, 35 Pac. 538, 24 L. R. A. 311.) This is, in effect, saying that there is no appeal from a judgment for an error which the trial court had authority to correct. In counties where the district court is in session but once in three months, and where the judge does not reside, great injustice might be done pending defendant's motion to have the plaintiff's erroneous judgment corrected; nor can the plaintiff, by keeping a motion on file to correct his judgment, deprive the defendant of his statutory right of appeal from the judgment, nor prevent him, on such appeal, from presenting to the appellate court any error appearing from the judgment roll. The right of appeal commenced with the entry of the judgment, and continued for one year. This right cannot be held in abeyance, nor the time shortened, except by some act or acquiescence of appellant.

We therefore recommend that this cause be remanded to the district court, with direction to modify the judgment so as to make the same conform to the provisions of Section 1193 of the Code of Civil Procedure, and that the judgment, when so modified, be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, this cause is remanded to the district court, with directions to modify the judgment so as to make the same conform to the requirements of Section 1193 of the Code of Civil Procedure, and that when so modified it be affirmed.