KELSEY, RESPONDENT, *v.* YADISH ET AL., APPELLANTS.

(No. 5,020.)

(Submitted January 23, 1923.   Decided January 31, 1923.)

[212 Pac. 495.]

*Claim and Delivery—Judgment must be in Alternative.*

1. Under section 9406, Revised Codes of 1921, the judgment in a claim and delivery action must be in the alternative; hence, a judgment in favor of plaintiff simply for the value of the chattel taken was erroneous.

*Appeal from District Court, Carbon County; A. C. Spencer, Judge.*

CLAIM and delivery by S. W. Kelsey against Alex Yadish and another.   Judgment for plaintiff and defendants appeal. Reversed.

Cause submitted on briefs of Counsel.

*Mr. A. A. Grorud,* for Appellants.

*Messrs. Shea & Wiggenhorn,* for Respondent.

MR. JUSTICE COOPER delivered the opinion of the court.

On the first day of May, 1919, the plaintiff filed in the justice's court of Red Lodge township, Carbon county, a complaint in claim and delivery, alleging the wrongful and unlawful taking of a four year old steer by defendants.   The prayer was for recovery of the steer or the sum of $125, its value, in case a delivery could not be had.   To the complaint the defendants filed an answer in which they alleged that the steer came to their ranch and refused to leave; that they took it in, fed it, notified the sheriff of its presence there, inserted two public notices in the press of the fact that the animal was being held by them; that they took other steps necessary to advise the owner of its whereabouts; and that, while the

animal was detained in their possession, hay to the value of $66.60 was consumed by it.

The finding of the justice's court was that the steer belonged to the plaintiff; that the defendants were entitled to its possession and to a lien in the sum of $25 as the reasonable value of its keep while held by them. The case was appealed to the district court of the thirteenth judicial district, and on the third·day of April, 1920, a demurrer to the answer was sustained. What transpired after the court had sustained plaintiff's demurrer the record does not disclose. From the next [1] recital therein it appears that the trial court directed the jury to return a verdict in favor of the plaintiff for $125, the value of the steer, in case its return to the plaintiff could not be had. Thereupon judgment was entered, the last paragraph of which reads: "Wherefore, by virtue of the law, and by reason of the premises aforesaid, it is ordered, adjudged, and decreed, that the plaintiff have judgment against the defendants for the sum of $125, together with his costs and disbursements incurred in this action, amounting to the sum of $20.30. Judgment entered this twenty-seventh day of January, 1921."

This is a simple money judgment in a claim and delivery action for the value of the property taken. It is not in the alternative as the statute requires. (Rev. Codes 1921, sec. 9406; *Hynes* v. *Barnes,* 30 Mont. 25, 75 Pac. 523.)

The judgment appealed from is reversed, with directions to the district court to order judgment entered according to the terms of the statute, each party to pay his own costs on appeal.

*Reversed with directions.*

Mr. Chief Justice Callaway and Associate Justices Holloway, Galen and Stark concur.