[No. 15214.   Department One.—May 31, 1894.]

# ELLA A. MURPHY, RESPONDENT, v. J. F. MULGREW, APPELLANT

| | |
|---|---|
| 102 | 547 |
| 107 | 76 |
| 102 | 547 |
| 113 | 592 |
| 102 | 547 |
| 120 | 247 |
| 102 | 547 |
| 123 | 177 |
| 102 | 547 |
| 124 | 203 |
| 102 | 547 |
| 130 | 193 |
| f 130 | 235 |
| 102 | 547 |
| 134 | 680 |

SALE—STATUTE OF FRAUDS—INSUFFICIENT CHANGE OF POSSESSION—HUSBAND AND WIFE—HORSES UPON HOMESTEAD.—Where a wife purchased from her husband horses upon the homestead, upon which they both resided at the time of the purchase, and, by agreement between them, the husband took charge of them for the wife, and drove and managed them the same as before the bill of sale was made, there is no such immediate delivery and actual and continued change of possession of the property as is contemplated by section 3440 of the Civil Code.

ID.—POSSESSION OF VENDOR AS AGENT OF VENDEE—PUBLIC NOTICE OF CHANGE.—The object of the statute is to require notice to the world of the transfer of personal property, and its efficiency would be defeated if the vendor were allowed to remain in possession of the property as the agent of the vendee, in the absence of a notice to the world of a change of ownership.

ID.—RELATIONSHIP BETWEEN PARTIES IMMATERIAL—STATUTORY CONSTRUCTION.—The relationship existing between the parties is a matter wholly immaterial; and the fact that a vendor and vendee are husband and wife, or parent and child, is no reason why the provisions of the statute should receive a different or more liberal construction.

ID.—HUSBAND AND WIFE—INVENTORY OF WIFE'S SEPARATE PROPERTY—CONSTRUCTION OF CODE.—Whatever may be the scope and purpose of section 165 of the Civil Code providing for the recording of the inventory of the separate property of the wife, it is not entitled to a construction that would nullify the provisions of section 3440 as to fraudulent transfers of personal property requiring an immediate delivery and actual and continued change of possession.

ID.—DECLARATIONS OF VENDOR IN POSSESSION AFTER SALE.—The declarations of the vendor as to the character of his possession after the sale, and while in the actual possession of the property, are admissible against the vendee.

ID.—REPLEVIN—COMPENSATION FOR MONEY EXPENDED—NOTE FOR ATTORNEY'S FEE.—In an action of replevin, a note given to attorneys as a fee for their services is insufficient to support a judgment allowing the amount of the note as a fair compensation for the time and money expended by the plaintiff in the pursuit of the property.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Barham & Bolton,* for Appellant.

The transfer of the property to the wife was merely a subterfuge, and was not made in good faith, and is there-

fore void as against creditors.    (*Frank* v. *King*, 121 Ill.
250; *Briggs* v. *Mitchell*, 60 Barb. 310; *Luers* v. *Brunjes*,
34 N. J. Eq. 19; *Clark* v. *Rosenkrans*, 31 N. J. Eq. 665;
*Watson* v. *Cummins*, 40 N. J. Eq. 483; *Humes* v. *Scruggs*,
94 U. S. 26; *Moore* v. *Page*, 111 U. S. 117; *Lyon* v. *Zim-
mer*, 30 Fed. Rep. 403; *Knowlton* v. *Mish*, 17 Fed. Rep.
198.)    There was no immediate or continued change of
possession sufficient to satisfy the statute.    (Civ. Code,
sec. 344 o; *McKee* v. *Garcelon*, 60 Me. 165; 11 Am. Rep.
200; *Steelwagon* v. *Jeffries*, 44 Pa. St. 407; *Bassinger* v.
*Spangler*, 9 Col. 175; *Waller* v. *Cralle*, 8 B. Mon. 11;
*Bawn* v. *Keller*, 3 Grant. Cas. 145; Benjamin on Sales, 679;
*Hoffner* v. *Clark*, 5 Whart. 546; *McAfee* v. *Busby*, 69 Iowa,
328; Bump on Fraudulent Conveyances, 3d ed., p. 140;
*Watson* v. *Rodgers*, 53 Cal. 401; *Hull* v. *Sigsworth*, 48
Conn. 258; 40 Am. Rep. 167; *Dean* v. *Walkenhorst*, 64
Cal. 78; *Bell* v. *McClellan*, 67 Cal. 283; *Bunting* v. *Saltz*,
84 Cal. 169.)    It was error for the court to exclude evi-
dence of the declarations of the vendor as to the char-
acter of his possession, made while he was in the actual
possession of the property.    (Bump on Fraudulent Con-
veyances, 3d ed., 588; Waite on Fraudulent Convey-
ances, sec. 279; *Cahoon* v. *Marshall*, 25 Cal. 197; *Ross*
v. *Hayne*, 3 G. Greene, 211; *Taylor* v. *Lusk*, 9 Iowa, 444;
*Holt* v. *Walker*, 26 Me. 107; 45 Am. Dec. 98; *Blake* v.
*Graves*, 18 Iowa, 312; *Redfield* v. *Buck*, 35 Conn. 328; 95
Am. Dec. 241; *Grant* v. *Lewis*, 14 Wis. 487; 80 Am. Dec.
785; *Burgert* v. *Borchert*, 59 Mo. 80; *Mills* v. *Thompson*,
72 Mo. 367; *Jones* v. *King*, 86 Ill. 225; *Deakers* v. *Temple*,
41 Pa. St. 234; *Babb* v. *Clemson*, 10 Serg. & R. 419; 13
Am. Dec. 684; *Blake* v. *White*, 13 N. H. 267; *Foster* v.
*Woodfin*, 11 Ired. 339; *Pomeroy* v. *Bailey*, 43 N. H. 118;
*Mims* v. *Sturdevant*, 23 Ala. 666; *Hair* v. *Avery*, 28 Ala.
267; *Fontaine* v. *Beers*, 19 Ala. 727; *McCormicks* v.
*Fuller*, 56 Iowa, 43; *Gregory* v. *Frothingham*, 1 Nev. 261;
*Downs* v. *Belden*, 46 Vt. 677; *Miller* v. *Bingham*, 29 Vt.
82; *Hayward Rubber Co.* v. *Duncklee*, 30 Vt. 29; *Adams*
v. *Davidson*, 10 N. Y. 309; *Newlin* v. *Lyon*, 49 N. Y. 661.)
The attorneys fees have not been paid, and they cannot

be allowed in any case until paid.   (*Falk* v. *Waterman,*
49 Cal. 224; *Sherman* v.  *Finch,* 71 Cal 71.)

   *A. B. Ware,* and *J. T. Campbell,* for Respondent.

   The testimony of both the vendor and vendee shows
that the transfer was made without a "fraudulent intent,"
and it is therefore valid.   (*Bull* v. *Bray,* 89 Cal. 286;
*Carter* v. *McQuade,* 83 Cal. 275; *Parker* v. *Conner,* 93
N. Y. 118; 45 Am. Rep. 178; *Brigham* v. *Fawcett,* 4 N. Y.
Rep. 272; Civ. Code, secs. 3432, 3519, 3527, 3530; *Wil-
der* v. *Brooks,* 10 Minn. 50; 88 Am. Dec. 49.)   A pre-exist-
ing debt is a valid consideration for a sale of property,
and in this case Murphy could legally pay the indebted-
ness owing by him to his wife by the sale of the prop-
erty.   (*Davis* v. *Russell,* 52 Cal. 616; 28 Am. Rep. 647;
*Selover* v. *American etc. Co.,* 7 Cal. 270; *Lewis* v. *Johns,*
24 Cal. 98; 85 Am. Dec. 49; May on Fraudulent Con-
veyances, 101; *Drais* v. *Hogan,* 50 Cal. 121; *Carter* v.
*McQuade,* 83 Cal. 275; *Moore* v. *Jones,* 63 Cal. 15; *Cohen*
v. *Knox,* 90 Cal. 267; *Morgan* v. *Ball,* 81 Cal. 94; 15
Am. St. Rep. 34.)   There was a sufficient delivery and
change of possession in this case to uphold the sale.
(*Williams* v. *Lerch,* 56 Cal. 334; *Morgan* v. *Ball,* 81 Cal.
93; 15 Am. St. Rep. 34; *Carter* v. *McQuade,* 83 Cal.
274; *George* v. *Ranson,* 15 Cal. 322; 26 Am. Dec. 490;
*Lewis* v. *Johns,* 24 Cal. 98; 85 Am. Dec. 49; *Moore* v.
*Jones,* 63 Cal. 12; *Martin* v. *Thompson,* 63 Cal. 4; *Beamer*
v. *Freeman,* 84 Cal. 554.)   The plaintiff is entitled to
a fair compensation for expenses in the pursuit and
recovery of her property.   (Civ. Code, 3336; *Arzaga* v.
*Villaba,* 85 Cal. 191; *People* v. *Dick,* 37 Cal. 278.)

   GAROUTTE, J.—Plaintiff claims to have purchased two
certain racehorses from her husband, Wyman Mur-
phy, on January 11, 1890.   On November 16, 1891, the
defendant, as sheriff of the county of Sonoma, took pos-
session of the horses under a writ of attachment in
favor of the Santa Rosa Bank, and against the husband,
Wyman Murphy.   The sheriff refusing to return the

possession to plaintiff, upon demand, she brought this action to recover the property. The appeal is from the judgment and order denying a motion for a new trial.

1. The main question here presented is, do the facts disclosed by the record support the transfer by the husband to the wife, in view of the provisions of section 3440 of the Civil Code? In other words, was there such an immediate delivery and actual and continued change of possession of the property as is contemplated by that statute? There is no substantial conflict in the evidence upon this point, and plaintiff herself testified in effect as follows regarding the transfer: " I resided with my husband upon the homestead at the time I purchased these horses from him. He gave me a bill of sale of them at that time, and they were in the barn a short distance from the house. Upon receiving the bill of sale I put it away, and said in substance to him: ' You take charge of this property for me, and manage it for me.' The horses remained at the homestead after the bill of sale the same as before, and when we moved away we took them with us. My husband drove them all this time, and managed them just the same as before the bill of sale was made." From the evidence of the plaintiff it will be perceived that no actual change of possession of this property took place at the time of the delivery of the bill of sale; but, on the contrary, in all its surroundings it remained entirely in *statu quo*. Mrs. Murphy attempts to escape the legal effect of the foregoing evidence by the claim that she had appointed her husband her agent to take the possession and control of the horses for her, and, as such agent, his possession was her possession, but there is nothing to be urged in favor of such a contention. Both the letter and the spirit of the law contained in section 3440 would be defeated by the recognition of such a principle. The object of the statute is to require notice to the world of the transfer of personal property, in order that men may be able to deal with each other upon equal terms, and from a common level. The efficacy of the statute would be entirely

destroyed if the vendor were allowed to remain in possession of the property as the agent of the vendee, in the absence of any notice to the world of such a change of conditions. A practice of that kind would be in direct conflict with the terms of the statute itself.

We do not find a syllable of evidence in the record that would indicate to the outside world that a change of ownership had taken place as to these horses, and we can hardly imagine a case where the provisions of the statute could have been more entirely disregarded. *Morgan* v. *Ball*, 81 Cal. 93, 15 Am. St. Rep. 34, is much stronger for the vendee in its facts; and the language relied upon by respondent, taken from the case of *Williams* v. *Lerch*, 56 Cal. 334, has been well and justly criticised in the case of *Etchepare* v. *Aguirre*, 91 Cal. 293; 25 Am. St. Rep. 180. The fact that a vendor and vendee are husband and wife, or parent and child, is no reason why the provisions of the statute should receive a different or more liberal construction. Those conditions give the statute no additional elasticity. The rule of construction is the same in all cases, and the relationship existing between the parties is a matter wholly immaterial. (*McKee* v. *Garcelon*, 60 Me. 165; 11 Am. Rep. 200; *Hoffner* v. *Clark*, 5 Whart. 546.)

2. The transfer of the property in litigation by bill of sale was made January 11, 1890, and upon December 30th following plaintiff filed an inventory of her separate property in the recorder's office, in accordance with the provisions of section 165 of the Civil Code. The Santa Rosa Bank became a creditor prior to the recording of the inventory, and the attachment proceedings upon the husband's indebtedness were begun November 16, 1891. It is now insisted by respondent that conceding no immediate delivery and actual and continued change of possession took place at the date of the bill of sale, still the subsequent recording of the inventory in the recorder's office, of her separate property, including these horses, cured any defective compliance with

the provisions of section 3440, and gave her good title against the world from that day. It is unnecessary to pass upon the scope and purpose of section 165 of the code. Whatever may be its scope and purpose, we are well satisfied it is not entitled to a construction that would nullify the provisions of section 3440 as to fraudulent transfers of personal property.

3. The court committed error in not allowing declarations of the vendor Murphy as to the character of his possession after the sale, and while he was in the actual possession of the property. (Bump on Fraudulent Conveyances, 3d ed., p. 588; Waite on Fraudulent Conveyances, sec. 279; *Cahoon* v. Marshall, 25 Cal. 197; *Blake* v. *Graves*, 18 Iowa, 312.)

4. The evidence is insufficient to justify the finding of the court that two hundred dollars is a fair compensation for the time and money expended by the plaintiff in the pursuit of the property. All the evidence bearing upon this question is the fact that plaintiff gave her note for two hundred dollars to her attorneys as a fee for their services in the case. This fact is wholly insufficient to support the judgment in that regard.

For the foregoing reasons it is ordered that the judgment and order be reversed, and the cause remanded.

HARRISON, J., and VAN FLEET, J., concurred.