THE FIRST NATIONAL BANK OF CLYDE v. FRANK C. PARKHURST *et al.*

54  155
54  159

1. REPLEVIN—*Harmless Ruling.* The overruling of a motion to withdraw all the testimony of the plaintiff relative to his special ownership of the property sued for in a replevin action, in which the petition alleges general ownership, is not necessarily prejudicial to the defendant. Such evidence, in the absence of amendment to the petition, tends to defeat the plaintiff, not to sustain him.

2. INSTRUCTION—*Burden of Proof.* In a replevin action, both parties claimed title under the same person—the plaintiff by bills of sale

and collateral agreements in writing, the defendant by chattel mort-gages. In the case the trial court committed no error, under the facts disclosed, in refusing to instruct the jury that the burden of proof was upon the plaintiff to establish the allegations of his peti-tion by a preponderance of the evidence, as it appeared that the plaintiff was entitled to recover unless the defendant established by the burden of proof that he had authority outside of the written conditions of his chattel mortgages to retain $449 out of the pro-ceeds of the mortgaged property to apply upon notes not described or secured by the mortgages.

*Error from Cloud District Court.*

THIS was an action of replevin, brought on the 15th of March, 1889, by *Frank C.* and *C. T. Parkhurst* against *The First National Bank of Clyde,* to recover certain personal property, consisting of cattle, horses, and agricultural imple-ments, of the alleged value of $1,476. The petition alleged, *inter alia,* that plaintiffs were the owners, etc., of the prop-erty. Trial had before the court, with a jury, at the April term for 1889. The jury returned a verdict in favor of the plaintiffs and against the defendant, and fixed the value of the property unlawfully taken by defendant at $965. Judg-ment was rendered in favor of the plaintiffs for the recovery of the property, and, in case return could not be had, that plaintiffs recover from defendant $1,032.50 for the value of the property and interest. The bank filed its motion for a new trial, alleging the various statutory grounds, which was overruled and exceptions taken. *The Bank* brings the case here.

*Pulsifer & Alexander,* for plaintiff in error.

*Kennett, Peck & Matson,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: I. It is insisted that the trial court erred in not striking out the testimony of Frank C. Parkhurst, and in overruling the objections to the testimony of George Park-hurst relative to the ownership of the property described in the petition, on the ground that it was at variance with the

allegations thereof. The petition alleged the plaintiffs "were the owners of, and entitled to the immediate possession of, the property." We have ruled recently that, where a plaintiff has a special ownership or interest in property which he seeks to recover, he ought to state in his petition all the facts in relation thereto. (*Kennett v. Peters*, ante, p. 119.) In this case, however, plaintiffs below introduced in evidence bills of sale of the property given to them by George L. Parkhurst. These bills of sale, upon their face, transferred absolute ownership of the property to the plaintiffs below. Therefore, they were properly received to support the allegations of the petition. The special ownership or interest of plaintiffs in the property was partially disclosed by their testimony on cross-examination, but the collateral written agreements to George L. Parkhurst were not offered in evidence until after the plaintiffs rested. These collateral agreements probably made the bills of sale merely chattel mortgages, but by all the parties thereto they were considered as conveying absolute title, and the collateral agreements as permitting a repurchase only. The jury specially so found. In the briefs filed by defendant below and in the oral argument in this court, no exceptions were taken to the special findings of the jury. The evidence objected to tended to prove that the plaintiffs were not entitled to recover under the general allegations of ownership, and if proper instructions had been requested to fairly present this question to the jury, or if a verdict had been rendered against the plaintiffs below upon the evidence submitted, the point presented and discussed, concerning the allegations in the petition and the variance of proof, might have been raised by the defendant with some substantial benefit, in the absence of any amendment of the pleadings; but this was not done, and the trial court committed no material error in refusing to strike out the evidence, or in overruling the objections.

II. It is next insisted that the trial court erred in refusing to instruct the jury, "That the burden of proof was upon the plaintiffs below to establish the facts alleged in their petition

by a preponderance of the evidence." Generally, such an
instruction should be given, but it appears in this case that
both parties claimed under George L. Parkhurst — the plain-
tiffs under two bills of sale executed February 8, 1889, on
account of certain debts of George L. Parkhurst for which
they were sureties, and for $600 which they were to advance
to satisfy other debts.   The bank claimed the property under
four chattel mortgages.   The contention of the plaintiffs was
that the proceeds of a part of the mortgaged property taken
and sold by the bank, together with the tender made, more
than satisfied all the liens on the property.   On the other
hand, the bank claimed that, having authority to use $449
out of the proceeds of the mortgaged property to pay two
notes — one of $424 and another of $25 — not secured, the
indebtedness described in the chattel mortgages had not been
paid or tendered.   There really was no controversy between
the parties as to the right of the plaintiffs below to recover if
the mortgaged indebtedness of George L. Parkhurst to the
bank had been satisfied or tendered.   There was no contro-
versy between the parties but that the bank, under its chattel
mortgages, took and sold certain fat cattle; and that the pro-
ceeds received were sufficient to pay all the indebtedness se-
cured by the mortgages, except about $30.   This amount was
tendered before this action was commenced.   If the bank had
no authority from George L. Parkhurst to pay the two notes
of $424 and $25, not secured, the proceeds of the mortgaged
cattle sold by it, with the tender, fully satisfied the mortgages.
Therefore, in this case, the burden of proof upon the pivotal
question — whether the bank had the right to retain $449 out
of the proceeds of the fat cattle to pay off the two notes not
secured by the mortgage — was upon the bank, not upon the
plaintiffs.   If the trial court had given the instructions prayed
for concerning the burden of proof, then it would have been
its duty to have stated further, that upon the uncontradicted
evidence the plaintiffs had shown themselves entitled to re-
cover, unless the defendant has established by a preponder-
ance of the evidence an agreement with George L. Parkhurst

to apply first from the proceeds of the cattle $449 to pay the two notes not secured. Under these circumstances, the court committed no error in refusing the instruction requested.

It is not urged in any of the briefs that the special findings are contrary to the evidence. It appears from examination that they support the judgment rendered under the allegations of the petition.

The foregoing are the only errors referred to in the brief of the bank, although they are again discussed in the brief as third and fourth errors. The judgment of the district court will be affirmed.

All the Justices concurring.