[S. F. No. 999. Department One.—April 6, 1899.]

## JULIA O'KANE, Respondent, v. R. I. WHELAN, Sheriff, etc., Appellant.

HUSBAND AND WIFE—GIFT TO WIFE CAUSA MORTIS—RECOVERY OF HUS-BAND—FAILURE OF GIFT.—A gift of personal property by a husband to his wife to secure the property to her in the event of his anticipated death when sick, fails to be effective in the event of h's recovery, and use of such property in his business in the same manner and at the same place as before his sickness.

ID.—SALE TO WIFE—STATUTE OF FRAUDS—POSSESSION AND CONTROL BY HUSBAND.—A sale of personal property by a husband to his wife is void under the statute of frauds, as against his creditors, if not followed by an immediate delivery and actual and continued change of possession, and if the possession and control thereof by the husband remains the same as before the sale.

ID.—INVENTORY BY WIFE IMMATERIAL—CONSTRUCTION OF CODE—CASE AFFIRMED.—The fact that the wife subsequently made and recorded an inventory of her separate property including the personal property for which a bill of sale was given her by the husband, cannot dispense with the necessity of a delivery and actual and continued change of possession of the goods sold, to make the

transfer valid as against existing creditors of the husband. Section 165 of the Civil Code is not entitled to such a construction as would nullify the provisions of section 3440 of that code as to fraudulent transfers of personal property.

APPEAL from a judgment of the Superior Court of the city and County of San Francisco and from an order denying a new trial. A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

John H. Durst, and Robert A. Friedrich, for Appellant.

J. J. Coffey, for Respondent.

VAN DYKE, J.—This is an action in replevin against the defendant, as sheriff of the city and county of San Francisco, to recover two horses, one express wagon, and two sets of harness, or their value, found by the court to be five hundred dollars. The goods were seized by the sheriff under an execution issued upon a judgment recovered by F. W. Spencer Company against Frank O'Kane, April 18, 1893. The appeal is from the judgment in favor of the plaintiff, and from the order denying the motion for a new trial.

The plaintiff claims the property as her separate property under a deed of gift, as to the wagon, executed to her by her husband in 1880, and as to all of the property in question, under a bill of sale from her husband to her, in consideration of one dollar, executed September 7, 1892. The deed of gift of 1880 cuts no figure, for the reason that the plaintiff herself testifies that the object of the deed was to secure the property to her in the event of her husband's death, and that he afterward recovered and carried on his business as before his sickness, in the same manner and at the same place, and used and kept the wagon in the same manner and at the same place.

The finding of the court, that the plaintiff has been for more than four years prior to the filing of the complaint in this action in the possession of the property mentioned in the complaint, is entirely unsupported by the evidence. The testimony of the plaintiff is: "On September 7, 1892, my husband executed and delivered to me a bill of sale of six horses and three wagons and certain harness. The wagon,

horses, and harness seized by the sheriff were included in this bill of sale. . . . . The only consideration passing was the one dollar which I paid to my husband. My husband had no other property than that conveyed to me. After the execution of the bill of sale my husband continued the express business in the same way as before, and carrying on the business at the same place and stand. The horses, wagon, and harness were stabled and kept at the barn on the premises at 1036 Golden Gate avenue, and cared for the same way after the sale as before. Over the stable door after the sale, and at all times before and since, there was the sign, 'Washington Furniture Express,' 'Frank O'Kane & Son.' On the wagons are the names, 'Washington Furniture Express,' 'Frank O'Kane,' and 'Frank O'Kane & Son.' These names have at all times been on the wagons and unchanged." Frank O'Kane testified as follows: "After the bill of sale to my wife, I carried on the business the same as before, but for her. The only difference was that while before I kept all the money, afterward I gave all to her except the spending money which she allowed me. The team, wagon, and harness were at all times kept in the same place, that is at our residence, 1036 Golden Gate avenue. The business stand was at the same place. There remained the same signs and names over the stable door and on the wagons; and the same business card was used." This is all the testimony on the question of sale and delivery.

September 8, 1892, the plaintiff filed for record in the office of said city and county an inventory of her separate property, including therein the horses, wagon, and harness now sued for.

"Every transfer of personal property, other than a thing in action, . . . . is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession." (Civ. Code, sec. 3440.) To meet this provision of the law against fraudulent conveyances, the respondent relies upon sections 165 and 166, providing for the filing of an inventory of the separate personal property of the wife. This question was directly passed upon

in *Murphy v. Mulgrew*, 102 Cal. 547; 41 Am. St. Rep. 200.   In that case the wife claimed that she had purchased the horses in question from her husband, Wyman Murphy, on January 11, 1890, which were seized by the defendant, as sheriff of Sonoma county, November 16, 1891, under a writ of attachment in favor of the Santa Rosa Bank and against her husband, the said Wyman Murphy.   The court there say: "From the evidence of the plaintiff it will be perceived that no actual change of possession of this property took place at the time of the delivery of the bill of sale; but, on the contrary, in all its surroundings, it remained entirely *in statu quo*.  Mrs. Murphy attempts to escape the legal effect of the foregoing evidence by the claim that she had appointed her husband her agent to take the possession and control of the horses for her, and, as such agent, his possession was her possession; but there is nothing to be urged in favor of such a contention.   Both the letter and spirit of the law contained in section 3440 would be defeated by the recognition of such a principle.   The object of the statute is to require notice to the world of the transfer of personal property, in order that men may be able to deal with each other upon equal terms and from a common level.   The efficacy of the statute would be entirely destroyed if the vendor were allowed to remain in possession of the property as the agent of the vendee, in the absence of any notice to the world of such a change of conditions.   A practice of that kind would be in direct conflict with the terms of the statute itself."   Further: "The transfer of the property in litigation by bill of sale was made January 11, 1890, and upon December 30th following plaintiff filed an inventory of her separate property in the recorder's office, in accordance with the provisions of section 165 of the Civil Code.   The Santa Rosa Bank became a creditor prior to the recording of the inventory, and the attachment proceedings upon the husband's indebtedness were begun November 16, 1891.   It is now insisted by respondent that conceding no immediate delivery and actual and continued change of possession took place at the date of the bill of sale, still the subsequent recording of the inventory in the recorder's office of her separate property, including these horses, cured any defective compliance with the provisions of section 3440, and gave her good title against the world from

that day. It is unnecessary to pass upon the scope and purpose, of section 165 of the code. Whatever may be its scope and purpose, we are well satisfied it is not entitled to a construction that would nullify the provisions of section 3440 as to fraudulent transfers of personal property."

On the authority of that case, as well as from the fact that the finding of the court referred to is unsupported by the evidence, the judgment and order refusing a new trial are reversed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.