MUSEKAMP, Respondent, v. RILEY et al., Appellants.

(147 N. W. 68.)

1. **Appeal—Error—Harmless Error—Findings Outside Issues.**

In a suit to recover possession of personalty, where dedefendant alleged right of possession solely by virtue of a levy under execution against plaintiff's vendor, and neither alleged nor requested a finding of an attachment levy, and the evidence showed that plaintiff's possession under his purchase was known to defendant long prior to the execution levy, held, defendant was not prejudiced by any error in court's findings as to date of plaintiff's purchase, or as to the change of possession, which defendant claimed was subsequent to the attachment levy.

2. **Evidence—Attachment as Against Purchaser—Lien of Attachment—Presumption of Invalidity of Attachment.**

In claim and delivery, defendant having plead right of possession under a levy of execution against plaintiff's vendor, but failed to plead an attachment levy, held, it would be presumed that for some reason the attachment proceedings were invalid, or that any lien acquired thereby was not preserved and merged in the judgment and execution.

3. **Execution—Attachment—Transferee of Execution Debtor—Priority of Rights.**

A purchaser from an execution debtor prior to levy of execution had rights of possession superior to any rights acquired under the levy; such execution and levy having been in no manner connected with the attachment.

(Opinion filed April 27, 1914.   Rehearing pending.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by Henry Musekamp against James E. Riley and another, to recover personalty. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Frank D. Bangs,* for Appellant.

*Buell, Gardner & Denu,* for Respondent.

In the sheriff's answer herein, no justification is claimed under the attachment but only under the execution issued upon the judgment in the Riley-Potter suit.

WHITING, J. This action was brought to recover the possession of one certain engine and boiler, plaintiff alleging that he was entitled to such possession by virtue of ownership of such property. The defendants in their answer pleaded rightful possession under and by virtue of a levy under an execution issued upon a judgment obtained by the defendant Riley against one Potter. The cause was, upon stipulation, tried to the court without a jury; findings, conclusions and judgment were entered in favor of plaintiff; a new trial was denied; and defendants appealed from such judgment and from the order denying a new trial.

The only assignments of error relied upon are those challenging the sufficiency of the evidence to support certain findings of the court. Among other things, the court found that Potter was the owner of this personal property in March, 1912; that, during the latter part of that month he sold said property to plaintiff; that, on April 1st, 1912, he consummated such sale by giving plaintiff a bill of sale covering such property; that Potter relinquished his ownership and possession and all his rights in and control over the said boiler and engine to the plaintiff; that plaintiff immediately, and in the month of March, 1912, assumed the ownership and took possession and control of said property and thereafter publicly and continually exercised ownership, control, and possession over said property, until the same was seized by the defendant sheriff; that defendant Hewitt, on behalf of his co-defendant, took possession of this property in October, 1912, under and by virtue of a writ of execution issued upon a judgment wherein such co-defendant was judgment creditor and Potter judgment debtor.

Appellant contends that, under the evidence, it appears that appellant Riley commenced an action against Potter on April 5, 1912, and that, in this action, an attachment was issued and, upon that date, levied upon the property in question; that, under the evidence, it is clear that the purported sale to respondent was not entered into until after the levy of said attachment; that, even conceding such purported sale to have been made prior to the levy of such attachment, the evidence does not support any finding to the effect that plaintiff took control and publicly and continually exercised ownership, control, and possession over said property; that the evidence does show that there was no such

change of possession as would render the purported sale valid against the creditor Riley, under the provisions of section 2369, C. C., which section provides:

"§ 2369. Every transfer of personal property * * * is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers and incumbrancers in good faith subsequent to the transfer."

[1-3] The assignments of error would present to us serious questions both as to actual date of the purported purchase of the property by respondent, and also as to whether or not the facts proven established a valid sale, provided there had been a finding that this property had been seized under a valid attachment and that such attachment lien had merged in the execution lien. There was no allegation of an attachment in the appellants' answer—they based their sole claim to right of possession upon the levy upon execution; the court made no finding in relation to any levy of attachment; and no such finding was asked for. Without such finding or a request for such a finding, appellants could not be prejudiced by any error in the court's findings as to the exact date respondent purchased the property, nor by any error in the finding which the court made in relation to the change of possession following such sale. Why a finding in relation to the attachment was not sought for is unexplained and seems very strange inasmuch as appellants' only defense against respondent's claim of right of possession was through showing either a levy prior to the sale to plaintiff, or a levy prior to the time Potter surrendered possession of the property, and prior to the time when appellant Riley became advised of respondent's rights in and to said property. For the purposes of this appeal we must presume that, for some reason, the attachment proceedings were invalid or that any lien acquired thereunder was not preserved and merged in the judgment and execution. The evidence clearly shows that respondent did purchase the property in queston of Potter, which pur-

chase, if not made in March, was made in the early part of April, and that soon thereafter Potter abandoned possession of such property. It was also proven, both by the testimony of respondent and of appellant Riley, that, not long after such sale and several months prior to the levy of execution, Riley was fully advised in relation to respondent's purchase, that he saw the bill of sale, and that he had negotiations with respondent looking to a purchase of the property from respondent. Respondent's right to possession was superior to any rights which appellants could acquire under and by virtue of the levy of the execution, such execution and levy thereunder having been in no manner connected with the attachment.

The judgment and order appealed from are affirmed.