QUACKENBUSH, Administrator, Respondent, v. GRAF, Appellant.

(158 N. W. 409.)

(File No. 3641.   Opinion filed June 27, 1916.)

1.  Claim and Delivery—Possession of Agent, as Evidence of Ownership—Sufficiency of Evidence—Directed Verdict.

In a suit by an administrator to recover possession of personalty, including live stock and ranch equipment as the property of plaintiff's decedent, where defendant moved for directed verdict on the ground that the evidence showed the property had been in defendant's possession as agent of his father, and that it appeared that the property was that of defendant's principal, held, that, it appearing that decedent formerly owned all of said property, which he kept on his farm ranch and home, that for about eighteen months decedent was away

from home in a hospital until he died, that his wife thereafter remained on the ranch after he was taken to the hospital, in possession of the home and of the property in question, that about eight months after decedent went to the hospital, defendant, his nephew, came to the ranch and performed work thereon in caring for and looking after said property until decedent's death; there being a conflict in the testimony as to whether decedent was caring for said property as agent and servant of decedent or as agent of his father, who held a bill of sale of certain personalty executed by decedent about thirteen years before his death, defendant's only claim of right to the possession of the property being based on said bill of sale, and there being no evidence that the bill of sale covered said property, the trial court committed no error in denying the motion for a directed verdict.

2. **Fraudulent Transfer—Change of Possession, Necessity—Constructive Fraud, Presumption—Right of Administrator to Urge.**

In a suit to recover possession of personalty, where defendant claimed to be in possession of the property as agent of his father, who claimed ownership solely through a bill of sale executed many years before, held, that, it appearing that at no time was there ever such a delivery by plaintiff's decedent of any of the property described in the bill of sale as is required by Civ. Code, Sec. 2369, providing that every transfer of personalty, etc., other than a mortgage, etc., is conclusively presumed, if made by a person having at the time the possession or control thereof, and not accompanied by an immediate delivery and followed by an actual and continued change of possession, to be fraudulent and void, against creditors and purchasers; that where no open and notorious change of possession pursuant to said statute takes place, constructive fraud is conclusively presumed; and, it appearing that decedent left large unpaid debts which have been filed as claims against the estate, plaintiff, as administrator, represents the rights of his creditors, and may urge constructive fraud arising from non-delivery of the property, as a reason why possession thereof should not be delivered to defendant.

3. **Claim and Delivery—Burden of Proof, Shifting of—Instruction —Harmless Error. . .**

In a suit for possession of personalty, held, that the trial court correctly instructed the jury that, while plaintiff, having alleged ownership, has the burden of proof upon him, in the outset, yet, he having proven possession in his decedent for many years prior to date on which defendant claims to have taken possession, such proof of prior possession established a prima facie proof of ownership, and the burden of proof was

thereupon shifted to defendant, to prove by a preponderance of evidence his rightful possession thereof; which rule is applicable where the right under which defendant claims is derived through a bill of sale from plaintiff's decedent to defendant's father, whose agent defendant claimed to be. **Held,** further, that, there being no evidence tending to show that the property in question was that described in the bill of sale, defendant was not prejudiced by the instructions given, even if erroneous.

Appeal from Circuit Court, Hughes County. HON. LEVI McGEE, Judge.

Action by H. C. Quackenbush, as administrator of the estate of Charles Anton Metzgar, deceased, to recover possession of personalty or its value, alleged to be the property of plaintiff's decedent. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

See 36 S. D. 420, 155, N. W. 185.

*Zell Guthrie,* and *J. L. Kohl,* for Appellant.

*Howard G. Fuller,* for Respondent.

McCOY, J. This action in the nature of replevin was brought by plaintiff, as administrator of one Metzger, deceased, to recover from defendant the possession of certain personal ranch property, consisting of horses, cattle, and various ranch equipment and building material, and, in case possession could not be had, for the value thereof. The only defense interposed was a general denial. There was a verdict and judgment in favor of plaintiff, and defendant appeals.

[1, 2] At the close of all the testimony the defendant moved for a directed verdict on the ground that the evidence, viewed in its most favorable light for plaintiff, disclosed that the property in question had been in the possession of defendant as the agent of his father since May, 1912, and it appears that said property was the property of defendant's principal. The overruling of this motion is assigned as error. It appears from the evidence that Metzger, the decedent, formerly owned all the property described in the complaint, which at all times since he became such owner was kept and used on the farm ranch occupied as a home by him and his family near Canning; that in September, 1911, Metzger was taken to a hospital in Pierre, where he at all times remained until his death in February, 1913. It is clear that the

whole of his property was in the possession of Metzger on this ranch at the time he was taken to the hospital. His wife remained on this ranch after he was taken to the hospital, in possession of the home and all the property in question. In May, 1912, the defendant, a nephew of Metzger, came to the ranch and performed work and labor on said farm in caring for and looking after the property described in the complaint, occupying a room in one of the ranch buildings; the wife of Metzger cooking his meals. This condition of affairs continued until Metzger's death. There is a conflict in the testimony as to whether defendant was on said ranch caring for said property as the agent and servant of Metzger or as the agent of his father, who held a bill of sale on certain personal property executed and delivered by Metzger in the year 1900. This conflicting proposition was fairly submitted to the jury by the learned trial court. It is also clear to us that at no time was there ever a delivery of any of the property described in the bill of sale by Metzger to the father of defendant—such a delivery as is required by section 2369, Civ. Code. Longley v. Daly, 1 S. D. 257, 46 N. W. 247; Howard v. Dwight, 8, S. D. 398, 66 N. W. 935. Where no open and notorious change of possession takes place such as is required by this statute, constructive fraud is conclusively presumed. It appears that after the death of Metzger defendant became the administrator of his estate; plaintiff subsequently superseding defendant as such administrator. It also appears that Metzger left unpaid debts contracted during his life to the amount of at least $3,000, which have been filed as claims against his estate. The plaintiff as such administrator represents the rights of all creditors. Defendant's only claim of right to the possession of the property described in the complaint being based on the bill of sale made in 1900, plaintiff in this action is in a position, as a representative of the creditors, to urge the constructive fraud arising from the nondelivery of the property under the bill of sale as a reason why the possession of said property should not be delivered to defendant. We are therefore of the view that the learned trial court committed no error in denying the motion for a directed verdict.

[3] Appellant further contends that the court erred in giving the following instruction:

."Now, gentlemen of the jury, the plaintiff having alleged ownership, the burden of proof is upon him in the outset, but, since the plaintiff has proven possession of the property in the deceased Metzger for many years prior to the date on which the defendant claims to have taken possession, I instruct you that the plaintiff has by such proof of possession established a prima facie case of ownership, and that the burden of proof is shifted to the defendant to prove by a preponderance of the evidence that he is rightfully in possession of the said property in dispute, which he alleges is the property of his father, Jacob G. Graf."

We are of the view that this instruction correctly embodies a rule of law applicable to this case. The burden was on plaintiff to establish his right of recovery by a preponderance of the evidence; but when, as in this case, plaintiff made out a prima facie case, the facts of which prima facie case were not denied or controverted by defendant on the trial, the burden of proof was then on defendant to show matters in justification or defense. This rule is applicable in cases where the right under which defendant claims is derived through plaintiff. Defendant claims title and right to possession of the property which is the subject of this action, through a bill of sale from plaintiff's decedent to one Jacob G. Graf, father of defendant. Defendant admits plaintiff's right to recovery but for the bill of sale. No other claim of right was made by defendant other than that based on the bill of sale in favor of a person not a party to the action. There was some evidence that this bill of sale was given as security; but that is immaterial, whether it was an absolute sale or a mortgage, as the effect would be the same so far as the result of this case is concerned. Under the theory on which this case was tried out and submitted to the jury it was incumbent on defendant, by a preponderance of the evidence, to show the existence of the bill of sale, and that it related to and covered the identical property which is the subject-matter of this suit. This was the plain purport of the instruction given. The decisions in Bank v. Parkhurst, 54 Kan. 155, 37 Pac. 1001, and Falk v. Decon, 8 Kan. App. 765, 61 Pac. 760, are directly in point. Also, see, 34 Cyc. 1500; section 178, Jones' Ev.; Garcia v. Gunn, 119 Cal. 315, 51 Pac. 684; Magee v. Scott, 9 Cush. (Mass.) 148, 55 Am. Dec. 49. At the time the instruction was given the evidence was all before

the court and jury, and it was the duty of the court to instruct the jury on the evidence then before the jury. The facts constituting plaintiff's case were undisputed, and were not denied or controverted by defendant, but defendant based his right of possession solely on a bill of sale to a third party. We are therefore of the opinion that there was no error in the giving of this instruction.

Again, the defendant wholly failed by any kind of evidence to identify or show that any of the property which is the subject of this action was the same as that described in the bill of sale, and it therefore necessarily follows that defendant was in no manner prejudiced by the instruction given even if erroneous.

Other assignments of error are made relating to the reception or rejection of evidence, all of which have been considered, and we are of the view that no prejudicial error exists therein.

The judgment and order appealed from are affirmed.