LOCKHART, Appellant, v. EDGE et al., (EDGE, Respondent.)

(167 N. W. 164.)

(File No. 4267.  Opinion filed April 2, 1918.)

1.  **Bankruptcy—Fraudulent Conveyances—Validating Void Sale by Subsequent Delivery—Burden of Proof—Statute.**

     While, under Civ. Code, Sec. 2369, a sale, void when made because of improper delivery and unaccompanied by change of possession, may become valid as against creditors who have not procured some lien upon the property, the burden of proof is upon vendee to show that possession such as would validate the sale was thereafter taken and while vendor was capable of lawfully turning over the property, and before he became bankrupt.

2.  **Fraudulent Conveyances—Husband and Wife—Bankrupt, Incapability of, to Validate Void Sale—Statute—Assignee in Bankruptcy, Devolution of Trust Upon.**

     Under Civ. Code, Sec. 2369, concerning fraudulent conveyances, providing that certain conveyances are void as against any person upon whom the estate "devolves in trust," etc., an

assignee in bankruptcy is such "person." Held, further, that
after a husband became bankrupt, he became incapable of
validating a void sale previously made by him to his wife.

3. Fraudulent Conveyances—Husband's Sale to Wife, Notice of,
Character of, Necessary—Bill of Sale, Recording, Effect—
Recording Brand—Recording Wife's Inventory—Statutes.

Under Civ. Code, Sec. 2369, making transfer of personalty
without immediate delivery of possession void as against
creditors, the driving of horses and cows into a corral open-
ing into regular pasture, and counting each head as they passed
back into the pasture, and the counting of calves and hogs
and leaving them in yards where counted, was not sufficient
change of possession; and a transfer by husband to wife of
live stock without adequate visible change of possession, and
which remains upon the homestead of the parties, is not vali-
dated by filing of bill of sale with register of deeds; there be-
ing no statute authorizing such filing, or rendering it or its
recording, notice to any one; nor is said section to be held
inoperative owing to fact that under our law, (Civ. Code, Sec.
98) husband and wife may deal with one another and make
transfers one to the other, nor because they can not con-
veniently make visible and notorious change of possession of
such transferred property. Vendee might have taken and
recorded as assignment of husband's brand, or have rebranded
the stock, thus validating the sale under Pol. Code, Secs.
2932-2947, or have complied with Civ. Code, Sec. 101, pro-
viding for inventory by wife of her personalty, and recording
of same, which filing is made prima facie evidence of title in
wife.

Smith, J., and McCoy, J., dissenting.

Appeal from Circuit Court, Hughes County. Hon. JOHN F.
HUGHES, Judge.

Action by J. L. Lockhart, trustee in bankruptcy of Thomas
Edge, bankrupt, against Mary L. Edge and John S. Edge, to set
aside a sale of personalty. From a judgment for defendants, and
from an order denying a new trial, plaintiff appeals. Reversed.

Howard G. Fuller, for Appellant.

Horner, Martens & Goldsmith, for Respondents.

(1) To point one of the opinion, Respondent cited: West-
ern Mining Supply Co. v. Quinn et al (Mont.) 20 Anno. Cas.
173; and notes; McIntosh v. Smiley, 17 S. W. 979.

(3) To point three of the opinion, Respondent cited, re
change of possession: Longley v. Daley, 1 S. D. 262; Howard
v. Dwight, 8 S. D. 402; 135 A. S. R. 618; First Nat'l Bank v.

Comfort, 4 Dak. 171. Re bill of sale as notice: George v. Pierce, (Cal.) 55 Pac. 775; 56 Pac. 53; Harrington v. Neville, 83 Mo. App. 588; Quackenbush v. Graff, 158 N. W. 408. Re, husband and wife; Wheeler v. Selden, (63 Venn. 429) 25 S. S. R 771; Murphy v. Mulgrew, (Cal.) 36 Pac. 856.

Respondent cited, re, bill of sale: Civ. Code, Sec. 989a. Re husband and wife; Civ. Code, Secs. 98, 2306; Williams v. Harris, 4 S. D. 22; Clark v. Else, 21 S. D. 113; Farr v. Swigart, (Utah) 44 Pac. 711.

WHITING, P. J. This action was brought by plaintiff as trustee in bankruptcy of one Thomas Edge, bankrupt, to set aside a sale of personal property made by such bankrupt to his wife, the defendant herein. Edge filed a petition in bankruptcy on April 13, 1916, was adjudged bankrupt on April 14, 1916, and plaintiff was appointed and qualified as trustee on May 8, 1916. This action was begun on June 13, 1917. The complaint attacked the said sale both upon the ground of actual fraud and also under section 2369 of the Civil Code. At the trial, and before the receipt of evidence, plaintiff withdrew the charge of actual fraud, leaving as the only issue to be tried as to whether or not there was such a delivery and change of possession of the property sold as would render such sale valid under section 2369, Civil Code. Such section reads:

"Every transfer of personal property other than a thing in action, or a ship or cargo at sea, or in a foreign port, and every lien thereon, other than a mortgage, when allowed by law, and a contract of bottomry or respondentia, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers and incumbrancers in good faith subsequent to the transfer."

Regardless of the above fact, the trial court received a great mass of testimony having no bearing upon any question except that of actual fraud. Furthermore, the trial court made extensive

findings upon such abandoned issue. The material evidence is very limited and absolutely undisputed, and leaves for our consideration and determination but the one question of whether or not it was sufficient to sustain the finding of the court that the sale "was accompanied by an immediate delivery of said personal property by said Thomas Edge to Mary L. Edge, and was thereafter followed by an actual and continued change of possession at all times from the 26th day of May, 1915." The sale was on May 26, 1915. The property sold was live stock kept upon the home farm of these people. At the time of such sale and purchase the husband executed and delivered to his wife a bill of sale, which bill of sale was placed on file in the office of the register of deeds of Hughes county, the county wherein the property was situated. To consummate such sale the parties thereto, so far as attempting to make delivery and change of possession, proceeds as follows: The horses and cows were driven into a corral, which corral opened into the pasture in which the stock had theretofore been kept; as the stock passed through the gate of the corral back into the pasture, each head was counted, this constituting the turning over of possession from the husband to his wife. The calves and hogs, which were in yards, were counted and left in the yards. The stock afterwards remained in the pastures and yards upon the same farm as theretofore, and was looked after and fed and watered by the husband and the son of defendant in substantially the same manner as it had been at all times prior to the alleged transfer. The husband was engaged in farming operations requiring the use of teams, and he was given permission by defendant to, and he did, use the horses in the farming operations, and at her request continued to feed and care for all the stock in the usual and ordinary way. This farm was the family homestead, and from the proceeds of such farm and the stock thereon the family was supported. No attempt was made by the defendant to file an inventory under section 101, Civil Code, nor was any of the said stock rebranded or in any other manner so marked as to indicate a change of ownership. The trial court concluded that the sale was valid, and entered judgment in favor of defendant, and from such judgment and an order denying a new trial, this appeal was taken.

Appellant contends that there was not an immediate delivery

followed by a change of possession, that under section 2369, supra, the sale was absolutely void, and that the mere fact that this was a transfer between husband and wife cannot except this transaction from the provisions of such statute—he contends that this section, being a statute of frauds, has peculiar application to transactions between husband and wife which are so frequently fraudulent in fact. Respondent contends that there was as complete and notorious a delivery and change of possession as the circumstances of the parties permitted, that the finding above quoted was fully supported by the evidence, and that therefore this transfer was valid at all times from the time it was entered into. Respondent takes the further position that, it being conceded in appellant's complaint and found by the court (finding 5) that respondent was in the possession of this property at the time this action was commenced, such concession is conclusive against appellant, respondent contending that under said section 2369 a transfer, though void when made because not accompanied by a sufficient delivery and change of possession at the time that the transaction was entered into, yet becomes valid whenever possession is actually delivered. In other words, respondent seems to be of the opinion that said section should be construed as though the latter part thereof read as follows:

"To be, as against those who are his creditors, fraudulent and therefore void during the period in which he continues to remain in possession."

[1, 2] The second of respondent's contentions is clearly without merit. Conceding that the law is that, as against creditors who have not attached or otherwise procured some lien upon the property, a sale which when made was void because not accompanied with proper delivery and change of possession may become valid as against such creditors by a sufficient delivery and change of possession, (and this for the reasons announced in Western Mining Supply Co. v. Quinn, 40 Mont. 156, 105 Pac. 732, cited by respondent), yet such rule avails respondent nothing. In the case before us, if the finding we have quoted is not supported by the evidence and the sale was void when made, the burden would rest upon respondent to show that at some time thereafter she took such possession as would validate the sale, and, further, that she took such possession while her husband was still capable

of lawfully turning over such property. If the evidence fails to support the questioned finding, we are left without finding or evidence of such change of possession as would validate this sale prior to the husband's becoming an adjudged bankrupt. Appellant is a "person on whom his (the husband's) estate devolves in trust for the benefit of others than himself." Section 2369. After the husband became a bankrupt he became as incapable of validating this sale as though he were dead, and it follows that, if the sale was void so that this property "devolved" on appellant when the husband was declared a bankrupt, the sale remained void. We are not concerned with the evidence of what occurred after the day of this alleged sale. To avail respondent anything there must need be a finding to the effect that at some subsequent date, but prior to the initiation of the bankruptcy proceedings, there was such a change of possession as to validate the sale. What this court said in Musekamp v. Riley, 34 S. D. 23, 147 N. W. 68, is peculiarly applicable to this point. In that case there was no finding that there was an attachment lien giving creditors a right to rely on section 2369, and particular attention was called to the fact that there was no proof of "a levy prior to the time Potter surrendered possession of the property, and prior to the time when appellant Riley became advised of respondent's rights in and to said property." Under such facts the rule contended for by respondent was applied. We find no fault with respondent's law. She has failed to prove the necessary facts to which to apply such law. It therefore becomes unnecessary to consider the many authorities cited by respondent in support of her second contention.

[3] Was this attempted sale accompanied by an immediate delivery of said personal property, followed by an actual and continued change of possession at all times from the 26th day of May, 1915? To support the court's finding the evidence must show delivery and change of possession immediately following the sale. The judgment must stand or fall on what occurred immediately upon the sale in connection with delivery and change of possession. Was there a sufficient delivery and change of possession? No one would claim that there was such a delivery and such a change of possession as would be sufficient under any other conditions than those naturally existing between husband

and wife. See Scott v. Hantz, 35 S. D. 634, 153 N. W. 894;
Wright v. Lee, 10 S. D. 263; Howard v. Dwight, 8 S. D. 398,
66 N. W. 935; Longley v. Daly, 1 S. D. 257, 46 N. W. 247;
Quackenbush v. Graf, 37 S. D. 385, 158 N. W. 409. The real
question then is, Shall a different rule be applied under section
2369 where the parties are husband and wife than in the or-
dinary case?

Respondent urges that the filing of the bill of sale should
be considered in her favor. In this she is in error. There is
no statute authorizing the filing of bills of sale and rendering
such filing, or even a recording thereof, notice to any one. If
our statutes authorized such a filing and made it constructive
notice, such notice might be held to excuse a visible and open
change of possession where otherwise it would be required. When
the circumstances surrounding a sale are such as to render incon-
venient, if not impossible, such visible change of possession as
would ordinarily be necessary under section 2369, is not the
vendee bound to take advantage of such means as the statute
provides for giving notice of claim of ownership? Should sec-
tion 2369 be held to be inoperative owing to the fact that, under
our law, husband and wife may deal with one another, or, even
through a husband and his wife are given the right to make
transfers the one to the other, should not such right be so exer-
cised as to comply with the spirit of section 2369—should not
the parties furnish such evidence of delivery and change of pos-
session as the law makes possible? Section 2369 is a statute of
frauds, enacted to prevent the opportunity of fraud. There is no
class of cases that calls more urgently for such a statute than
that of sales between those closely related. To hold that, merely
because a husband and wife cannot conveniently make visible
and notorious the change of possession of property transferred
from one to another, they are put in a class by themselves, and
need not even comply with reasonable statutory provisions pro-
viding methods of giving notice of change of ownership, is to
make section 2369 inoperative in a class of cases wherein it is
most needed. To avoid laying down poor law, let us remember
that a perfectly bona fide sale from a husband to a wife is no
more sacred than any other bona fide sale, and that all come
under the provisions of section 2369. Respondent cites and

quotes Grady v. Baker, 3 Dak. 296, 19 N. W. 417. We are unable to see where she gets any comfort from these words:

"The sale shall be open and public; that the world may be apprised of the change of ownership."

The decision in Clark v. Elsie, 21 S. D. 113, 110 N. W. 88, cited by respondent, contains nothing having the slightest bearing upon the question now before us. Respondent has cited Morgan v. Ball, 81 Cal. 93, 22 Pac. 331, 5 L. R. A. 579, 15 Am. St. Rep. 34. Sympathy for the vendee in that case resulted in poor law. The court in Murphy v. Mulgrew, 102 Cal. 547, 36 Pac. 857, 41 Am. St. Rep. 200, has rejected its holding in the former case, and has since adhered strictly to the rule that no distinction could be made between sales between husband and wife and other sales. And such court also held in this last case that the filing of a schedule of property owned by the wife, if filed subsequent to the time of sale, would not validate such sale. It said:

"From the evidence of the plaintiff, it will be perceived that no actual change of possession of this property took place at the time of the delivery of the bill of sale; but, on the contrary, in all its surroundings, it remained entirely in statu quo. Mrs. Murphy attempts to escape the legal effect of the foregoing evidence by the claim that she had appointed her husband her agent to take the possession and control of the horses for her, and, as such agent, his possession was her possession; but there is nothing to be urged in favor of such a contention. Both the letter and the the recognition of such a principle. The object of the statute is to require notice to the world of the transfer of personal property, spirit of the law contained in section 3440 would be defeated by in order that men may be able to deal with each other upon equal terms, and from a common level. The efficacy of the statute would be entirely destroyed if the vendor were allowed to remain in possession of the property as the agent of vendee, in the absence of any notice to the world of such a change of conditions. Such a practice would be in direct conflict with the terms of the statute itself. We do not find a syllable of evidence in the record that would indicate to the outside world that a change of ownership had taken place as to these horses, and we can hardly imagine a case where the provisions of the statute could have been more

entirely disregarded. Morgan v. Ball, 81 Cal. 93, 22 Pac. 331, is much stronger for the vendee, in its facts; and the language relied upon by respondent, taken from the case of Williams v. Lerch, 56 Cal. 334, has been well and justly criticized in the case of Etchepare v. Aguirre, 91 Cal. 293, 27 Pac. 668 [929, 25 Am. St. Rep. 180]. The fact that a vendor and vendee are husband and wife, or parent and child, is no reason why the provisions of the statute should receive a different or more liberal construction. Those conditions give the statute no additional elasticity. The rule of construction is the same in all cases, and the relationship existing between the parties is a matter wholly immaterial."

See, also, O'Kane v. Whelan, 124 Cal. 200, 56 Pac. 880, 71 Am St. Rep. 42, and George v. Pierce, 123 Cal. 176, 55 Pac. 775, 56 Pac. 53. It is quite probable that the court had in mind the decisions in Morgan v. Ball, supra, and in Roberts v. Burr, 54 Pac. 849, when, in George v. Pierce, supra, it said:

"In some exceptional cases presenting hard law the court, in its construction and interpretation of the facts, may have leaned a little too far toward the administration of subsantial justice. But beyond this it has never gone, and the law of this question stands to-day exactly as it did 38 years ago."

Any authorities such as Porter v. Butcher, 98 Cal. 454, 33 Pac. 335, where the property was of a nature not subject to ordinary delivery, are of no value in determining this case, as the nature of the property would affect the kind of delivery necessary if the vendee were some one else than the wife of the vendor, just as it would affect it if the vendee was the wife of the vendor.

In every case wherein a sale has been upheld, excepting the case of Morgan v. Ball, supra, there will be found some fact or facts clearly distinguishing such case from this one. Thus in Webster v. Sherman, 33 Mont. 448, 84 Pac. 878, cited by respondent, one of the controlling facts was the taking by the vendee of an assignment of her husband's live stock brand and the recording of the same in the vendee's name. Not only might the respondent have done as was done in that case, or put another brand on all the stock except the hogs, and thus validated the sale of the horses and cattle (sections 2932-2947, P. C.), but she might have complied with the provisions of section 101, Civil Code. Such statute provides:

"* * * A full and complete inventory of the separate personal property of the wife may be made out and signed by her, acknowledged or proved in the manner provided by law for the acknowledgment or proof of a grant of real property by an unmarried woman, and recorded in the office of the register of deeds of the county or subdivision in which the parties reside. The filing of the inventory in the register's office is notice and prima facie evidence of the title of the wife."

Let it not be understood that we hold that there could not have been a valid sale of property from Edge to his wife under the facts of this case if section 101, Civil Code, did not exist and we had no law under which stock could be branded and the brand registered. We do not pass on that question. We do hold that, where the circumstances surrounding a sale prevent there being a change of possession open and visible to the world, the vendee must give such constructive notice, provided for by statute, as will tend to apprise the world of the change in ownership of the property purchased.

The judgment and order appealed from are reversed.

SMITH and McCOY, JJ. (dissenting). We do not concur in the conclusion reached by our majority brethren. The rule announced in the majority opinion finds no support in any statute. It concedes that there may be a valid sale of property from the husband to the wife without any compliance with the provisions of section 101, Civil Code, or with sections 2932-2937, Political Code, and yet says:

"Where the circumstances surrounding a sale prevent there being a change of possession open and visible to the world the vendee must give such constructive notice provided for by statute as will tend to apprise the world of the change in ownership of the property purchased."

Just what is meant by "constructive notice provided by statute" is not apparent. The statute does require immediate delivery and continued change of possession, which are in themselves substantive facts. But nowhere does the statute require or provide for "constructive notice which will tend to apprise the world of the change in possession of the property purchased."

We are aware that courts are not in harmony as to what constitutes delivery and possession of property as between hus-

bands and wives residing and keeping property upon a common homestead. The property rights of the wife are equal in the eyes of the law to those of the husband's creditors, and her property rights should not be sacrificed through an overstrict construction of the statute. The facts stated in the majority opinion clearly show a delivery perfectly valid in law. It follows that the conclusion reached by the majority opinion rests solely upon the lack of a continued change of possession, and upon that ground alone the wife is to be deprived of property concededly received by her in payment in good faith of an actual indebtedness due to her from her husband. In Murphy v. Mulgrew, 102 Cal. 547, 36 Pac. 857, 41 Am. St. Rep. 200, quoted from in the majority opinion, the record conclusively shows that there had been absolutely no delivery of the property. The only evidence as to delivery was the testimony of the wife who said:

"Upon receiving the bill of sale I put it away and said in substance to him 'You take charge of this property and manage it for me' "

—whereupon the court says:

"From the evidence of the plaintiff it will be perceived that no actual change of possession of this property took place at the time of the delivery of the bill of sale, but, on the contrary, in all its surroundings it remained entirely in statu quo."

The court further says:

"We can hardly imagine a case where the provisions of the statute could have been more entirely disregarded."

It was in referring to the matter of delivery that that court used the language quoted in the majoriy opinion, to wit:

"The fact that a vendor and vendee are husband and wife or parent and child is no reason why the provisions of the statute should receive different or more liberal construction."

The facts in that case differentiate it so strongly from this case that it cannot be deemed controlling. Again the California court, in George v. Pierce, 123 Cal. 172, 55 Pac. 775, 56 Pac. 53, said:

"The law of this question stands today exactly as it did 38 years ago"

—referring to the case of Stevens v. Irwin, 15 Cal. 503, 76 Am. Dec. 500, in which the court held:

"The delivery must be made of the property * * * Possession must be continuous, not taken to be surrendered back again, not formal but substantial."

The crucial fact in this case is not that there was no delivery—that must be conceded—but that there was not continued change of possession. There is not a scintilla of evidence that the possession following a valid delivery was taken "to be surrendered back again; not formal, but substantial." The correct rule is stated in 12 R. C. L. § 83, that:

"Change of possession is just as necessary in transactions between husband and wife * * * as between strangers, * * * but, owing to the situation of the parties, a state of facts may be sufficient change between such persons which would not be sufficient under ordinary circumstances."

The "continued change of possession" in the present case was as complete as was possible, so long as the husband and wife continued to live together on the common homestead. In Porter v. Butcher, 98 Cal. 454, 33 Pac. 335, the California Supreme Court said:

"It never was the design of this statute to give such extension of meaning to this phrase, 'continued change of possession,' as to require, upon a penalty of the forfeiture of the goods, that the vendor should never have any control over or use of them. This construction, if made without exception, would lead to very unjust and absurd results."

The results anticipated by this remark appear to have been attained in the present case.

The judgment of the trial court should be affirmed