DÍAZ ET AL., PETITIONERS, *v.* CUEVAS ZEQUEIRA, DISTRICT JUDGE,
ET AL., RESPONDENTS.

PETITION for a Writ of Prohibition to the Judge of the
District Court of Humacao.

No. 18.—Decided March 7, 1919.

APPEAL—JURISDICTION—DEFAULT—WRIT OF PROHIBITION.—The appeal taken by
the plaintiff from the default judgment rendered against defendant does not
deprive the court of jurisdiction to hear and dispose of a motion by the
defendant to set aside the default and the judgment entered against him,
such motion being equivalent to a motion for a new trial.

The facts are stated in the opinion.
*Mr. Luis Llorens Torres* for the petitioner.
*Mr. M. Benítez Flores* for respondent Antonio R. Barceló.
The respondent judge appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

At the petition of José Agustín Díaz and José Nicolás
Díaz, the former as representative of his minor daughter,
Ana María Díaz, this court issued a temporary writ of pro-
hibition in an action of debt brought by the petitioners against
Antonio R. Barceló. The judge and the defendant answered
the writ and a hearing was held before this court.

The facts of this case, in so far as pertinent to the ques-
tion before us, are as follows: On motion of the plaintiffs
in the action the clerk of the district court, on January 8,
1919, entered the defendant's default and also judgment
against him for the sum of $15,000, together with interest
and costs, in accordance with the prayer of the complaint
and the petition to the clerk to enter judgment by default.
Notwithstanding this, the plaintiffs filed a notice of appeal
from the said julgment with the clerk of the court on the
same day because the judgment did not allow the disburse-
ments and attorney fees of the plantiffs. Three days later
the defendant moved the court to set aside the entry of his
default and also the judgment entered against him by the
clerk, and the court having set a day for hearing the parties

on the motion, the plaintiffs applied to this court for the extraordinary writ of prohibition, alleging as grounds that the lower court had lost its jurisdiction of the case by reason of their appeal and therefore could not consider the defendant's motion to set aside the judgment which had been appealed from.

The question arising from the facts stated is whether the plaintiffs' appeal deprives the lower court of jurisdiction to consider the defendant's motion to set aside the default and the judgment entered in this case, which motion is based on section 140 of the Code of Civil Procedure, providing that the court, in its discretion, may relieve a party or his legal representatives from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; and whenever, for any reason satisfactory to the court or the judge thereof, the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order, or proceeding complained of was taken, the court, or the judge thereof, in vacation, may grant the relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term.

Although the petitioners for the writ of prohibition contend that if the defendant's motion is sustained they will be deprived of their right to an appellate review of the judgment of the lower court, we fail to see what real hardship they will suffer, for if their theory is correct that the court lost its jurisdiction of the case by reason of their appeal and we should so hold, they will obtain a technical review by their appeal, whereas if the defendant's motion is sustained, the judgment entered by the clerk will be set aside and no benefit would accrue to them from their appeal. This being the result of the said motion in case it should be sustained, we do not understand why the lower court may not now consider and dispose of it regardless of the appeal, for

if the motion is overruled, the judgment and the appeal will still stand, and if it is sustained, the same result is obtained now as would be obtained later and proceedings would be avoided which cannot benefit the appellants, but can only molest this court without any practical advantage to the appellants.

The motion of the defendant in this case is similar to a motion for a new trial, for on different grounds he seeks to obtain the same result of setting aside the judgment, and inasmuch as the court may consider a motion for a new trial even after an appeal is taken, as held by this court in the cases of *Altuna* v. *Ortiz, Horton et al.* v. *Robert;* and *Aguayo* v. *García,* 11 P. R. R. 24, 168, 263, respectively, in construing section 297 of the Code of Civil Procedure, which provides that although an appeal stays all proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein, the court below may nevertheless proceed upon any other matter embraced in the action and not affected by the order appealed from, we see no reason why, in accordance with that statute, the lower court may not rule on the motion to set aside the judgment although an appeal is pending therefrom; for, paraphrasing the opinion in the case of *Horton* v. *Robert, supra,* we may say that this practice incidentally avoids the necessity of correcting judgments that can be set aside and diminishes the work of courts, since, if the motion is sustained, the appeal automatically fails.

The cases of *Peycke* v. *Keefe,* 114 Cal. 212, and *Vosburg* v. *Vosburg,* 137 Cal. 493, cited by the petitioners to show that by reason of their appeal the lower court lost its jurisdiction to rule on the motion under consideration, are not applicable, for the former holds only that the motion of defendant Keefe to set aside the judgment having been overruled and an appeal having been taken by him from that ruling and from the judgment, the court could not, on its

own motion, set aside the judgment appealed from. The latter case held that an appeal being pending from a judgment of divorce which also provided for the custody of the minor children, the trial court was without jurisdiction after the appeal to change or modify the judgment as to the custody of the children. Nor is the cited case of *State* v. *Superior Court,* 19 Wash. 128, referred to in 22 R. C. L. 22, applicable to this question, for what it holds is that a court has no jurisdiction to set aside its judgment on a petition presented many years after the judgment was rendered for failure of the plaintiff to appear, and that the defendant should bring a bill in equity, or otherwise, to set aside the judgment.

For the foregoing reasons the temporary writ of prohibition should be

*Discharged.*

Chief Justice Hernández and Justice del Toro concurred. Justices Wolf and Hutchison concurred in the judgment.